## AMERICAN NAT. INS. CO. v. BASS, Collector of Internal Revenue.

### No. 6914.

Circuit Court of Appeals, Fifth Circuit.

Jan. 11, 1934.

Jas. W. Wayman, of Galveston, Tex., for appellant.

Douglas W. McGregor, Asst. U. S. Atty., of Houston, Tex., and Wright Matthews, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., for appellee.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellant, an insurance company, on January 19, 1926, filed refund claims on account of alleged overpayments of taxes for the years 1917–1919–1920. Comprehensive to the point of vagueness, and wholly wanting in specification, these claims not only did not clearly "set out under oath all the facts relied upon in support of them" as required by the regulations, they did not set out any facts. Neither did they point out nor suggest any ground or basis for the refund. They were indeed nothing more than general plaints and protests.[1]

On February 6, 1926, the claims were returned to the taxpayer for his files, with a covering letter advising that the Commissioner had determined that there was no basis for them. On January 11, 1927, the taxpayer again filed refund claims for these years. This time the claims were precise, definite, and full. They set out the amounts paid and the amounts which they claimed should be refunded them, and they gave the grounds or reasons for the refund, all as required by the regulations. These claims, reciting the rejection of the old claims, were not filed as amendments but as new claims. This is the way each was put:

"Deponent verily believes that this application should be allowed for the following reasons:

---

[1] Upon official forms they concluded this way:
"Deponent verily believes that this application should be allowed for the following reasons:
"That claimant's gross income, deductions, net income and invested capital have been erroneously determined; that claimant's income, excess profits and war profits taxes have been erroneously computed; that claimant was not subject to the income, excess profits and war profits taxes paid; that all provisions of the Revenue Acts of 1917, 1918 and 1921 imposing income, excess profits, and war profits taxes and all provisions of said Acts and subsequent Acts of Congress relating to the assessment and collection of said taxes, are unconstitutional and void, in that (1) said provisions impose income taxes not within the Sixteenth Amendment to the Constitution, without apportionment among the several States according to population, (2) said provisions delegate legislative power to an executive department to impose taxes and to relieve taxpayers of taxes imposed by Congress, (3) said provisions are, in important particulars, unworkable, (4) said provisions constitute an entire system of taxation, and are all invalid; that, because of abnormal conditions affecting its capital and income claimant is entitled to have its tax liability determined under the provisions of sections 327 and 328 of the Revenue Act of 1918, 1921; that the tax was erroneously and illegally assessed; that the tax was erroneously and illegally collected."

512

"Claimant was assessed excess and war profits taxes by reason of deducting from invested capital its legal reserve fund which according to the U. S. Supreme Court decision in Duffy v. Mutual Benefit Life Ins. Co., 272 U. S. 613, 47 S. Ct. 205, 71 L. Ed. 439, decided November 29, 1926, was wrong and your Bureau, therefore, erroneously collected the above sums, claim for which was heretofore made and rejected. Collector letter February 8th, 1926."

On March 10, 1927, they were rejected, because not filed in time to avoid the bar of the statute of limitations. On February 4, 1928, plaintiff filed this suit. Defendant demurred to the amended petition pleading the facts in regard to the refund claim as they have been set out above. The District Judge, believing that the first refund claims were too general and the second too late, because not filed until after the first had been rejected, sustained the demurrer.

■ Appellant, insisting that the original claims were sufficient in themselves, and that if they were not, the additional claims were effective as amendments to them, urges us to reverse the judgment of dismissal which followed the ruling on the demurrer. Pressing upon our consideration that the affirmance of the judgment will prevent the refunding of taxes admitted by the demurrer to be overpayments, it urges that the defense relied upon is not a sound one either in fact or in law. It in effect admits, as indeed it must, United States v. Felt & Tarrant Mfg. Co., 283 U. S. 269, 51 S. Ct. 376, 75 L. Ed. 1025; Art Metal Con. Co. v. U. S. (C. C. A.) 47 F. (2d) 558; United States v. Memphis Cotton Oil Co., 288 U. S. at page 67, 53 S. Ct. 278, 77 L. Ed. 619, that the first claims were too general in and of themselves if rejected, to stand as the basis for a suit for refund. Urging, however, that their generality might have been and was waived by the Commissioner, and that they had not been rejected, but were still in fieri when the second claims were filed, that these were not new claims, but amendments to the originals, they insist that the judgment was wrong under the applicable authorities. They point to regulations and rulings and to decisions sustaining them under which amendments to claims making them more specific have been allowed, and they invoke specifically the late decisions approving and sustaining the authority of the Commissioner to take

a liberal course in allowing claims and their amendment, before rejection. U. S. v. Memphis Cotton Oil Co., 288 U. S. 62, 53 S. Ct. 278, 77 L. Ed. 619; U. S. v. Factors & Finance Co., 288 U. S. 89, 53 S. Ct. 287, 77 L. Ed. 633; U. S. v. Prentiss, 288 U. S. 73, 53 S. Ct. 283, 77 L. Ed. 626; Bemis Bros. Bag Co. v. U. S., 289 U. S. 28, 53 S. Ct. 454, 77 L. Ed. 1011; Moore Ice Cream Co. v. Rose, 289 U. S. at page 384, 53 S. Ct. 620, 77 L. Ed. 1265.

■ While we think it clear that the first claims were in themselves of an inadmissible generality, we agree with appellant that they were yet sufficient while still pending unrejected, to toll the running of the statute and to support amendments to them having sufficient specification. We agree, too, with its view that it was within the province of the Commissioner to waive the generality of the first claims, that he need not have rejected them for all their vagueness, and if the case pleaded showed either that this generality had been waived, or that there had been a sufficient amendment of the claims before their rejection, we should agree also with appellant that a reversal is required. Unfortunately for appellant this is not the case it pleaded. On the contrary, it is made clear in the petition, that without any kind of waiver having occurred, the first claims were rejected and a year later new ones were filed. This is made manifest not only by alleging in terms "that on January 2, 1926, it filed general claims for a refund, which claims for refund were rejected and returned to plaintiff under date of February 8, 1926," and "that thereafter under date of February 7, 1927 it filed claims for refund in which requests were made to reopen the refund claims previously denied," but by attaching as exhibits the February, 1926, letter of rejection, and the new claims each reciting that: "Claim was heretofore made and rejected. Collector's letter of February 8, 1926." In the face of the petition thus flatly stating what was actually done, it would be but speculation to consider, as appellant would have us do, what might otherwise have been done by the Commissioner, and with what different legal results. We think that the petition showed that plaintiff was without right to recover, and that the demurrers to it were properly sustained.

The judgment of dismissal is affirmed.