### LIVERMORE v. MILLER, Collector. *
### No. 8624.

Circuit Court of Appeals, Fifth Circuit.
Jan. 26, 1938.

*Rehearing denied Feb. 21, 1938.

W. H. Harris, of Fort Valley, Ga., for appellant.

Paul R. Russell and Sewall Key, Sp. Assts. to Atty. Gen.; and James W. Morris, Asst. Atty. Gen., and Herbert S. Phillips, U. S. Atty., of Tampa, Fla., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellant sued to recover income taxes allegedly overpaid in 1925, on 1924 income. The claim was that she was required by the collector to return and pay on, as realized gain in 1924, paper profits on a sale made by her in that year for $47,000, $11,645 cash, the balance in installment notes payable $11,319.25 and $12,000 in each of the following years.

The suit was in two counts. The first sued for $3,107.93 as wrongfully exacted, because there was no profit on the sale, none of the notes ever having been paid, and none of them, as she alleged, having any market or intrinsic value when given.

The second sued for $2,487.07 as the amount overpaid, if the installment sales provision subdivision (d), § 212, of the Revenue Act of 1926, 44 Stat. 23, were retroactively applied to the sale transaction.

Both counts alleged the filing, in September, 1926, of informal claims for refund, their pendency without rejection until 1933, when an amended formal claim was filed, and the final rejection of that claim. The defense was: (1) That the formal claim was not an amendment of an informal claim timely filed and pending unrejected before the Commissioner, but an original claim, and therefore filed too late; (2) that the claim of count 2 on which plaintiff finally elected to stand, that plaintiff was entitled to have the installment provisions of the act of 1926 retroactively applied to her 1924 tax return was one which, to be availed of, required a timely election, and that plaintiff's election in 1937, on the eve of the trial, was made too late.

The facts are simple and without dispute. The controversy is over their legal effect. They may be thus chronologically summarized.

In 1924, during the Florida boom, plaintiff sold for $47,000, part cash and part notes, a tract of land which had cost her $27,000. On the sale she received $11,700 cash, less $55 for stamps and recording, and three yearly notes, one for $11,300 due July 1, 1925, and two for $12,000 each, due July 1, 1926, and July 1, 1927, respectively. Regarding the notes as without value, and having received less than she paid for the property, she did not report any profit from this sale in her income tax return for 1924, and in 1926 the land was abandoned upon the collapse of the boom.

On December 2, 1925, a revenue agent interviewed plaintiff, and upon his insistence that she should pay a tax on the sale, on the basis that the notes were worth their face value an amended return was filed reporting the sale as a closed transaction, and she paid, under protest, $3,107.93. On March 30, 1926, the Commissioner wrote the plaintiff advising that her amended return for 1924 had been accepted as correct. On September 5, 1926, plaintiff wrote to the collector at Jacksonville, stating her dissatisfaction with the payment she had made, in December, 1925, and stating further: "I am not paying the $2015.50 yet due on last year's income tax, but applying it to the $3,107.93 tax paid December 2, 1925, which I consider over tax and not yet due. This

will still leave me a credit of $992.39. I didn't feel the charge at this time a fair deal and told the man so."

On September 18, 1926, the collector replied to her letter: "If you consider your income tax return for 1925 in error, you have the privilege of submitting an amended return, which will be audited in the regular course of business, and any difference found in the tax, adjusted by a credit or refund at that time. The filing of an amended return, however, does not stay the collection of the tax outstanding on the original return unless and until the amended return is accepted as correct."

On September 24, 1926, plaintiff replied, complaining that her letter had not been given due consideration, saying: "The adjustment which I claim to repeal is, that in December 1925 I was called to West Palm Beach and asked extensively about a real estate transaction, sale of which occurred in July, 1924, and in which I was supposed to make $20,000. The Collector told me I would have to pay 60% on the $20,000 then, Dec. 4, 1925, tho, I explained to him I had paid $25,000 cash for the ground, and only received $12,000 at time of sale July 1924, and $12,000 July 1925, which was still a little short of the $25,000 paid. I would not receive any part of profit till July 1926. Now there was nothing paid July 1926, and no prospects of it for some time, yet I was forced to pay $3107.23 December 4, 1925 for something I had not received. I had a payment due September 1 on 1925 tax and one due December 1st. I claim the $3107.93 paid nearly a year ago for something not yet received should cover these two payments. A credit on next year's tax will do no good as I have already lost more, much more, than my income this year. So I'm claiming this $3107.93 as a credit on this extra report of December 4, 1925."

Thereafter without anything further appearing in the record plaintiff on December 6, 1926, paid the balance of the 1925 tax. This correspondence was not noted or treated by the collector as a claim for refund. It was not reported to the Commissioner, but merely retained in the collector's correspondence files.

On May 13, 1932, the collector wrote the plaintiff's attorney, complying with his request for copies of the above mentioned letters, stating to plaintiff's attorney that it appeared that the terms of sale "would preclude the transaction from a report on the installment plan" and added: "According-ly, whether or not the taxpayer's letters could be considered as an informal claim, there would appear to be no basis for an adjustment of the tax at this time."

On February 6, 1933, a verified formal claim for refund, styled "amended claim," was filed.

On August 7, 1933, the Commissioner wrote, advising "Sec. 284 (b) (1) of the Revenue Act of 1926 prohibits the allowance of a refund or credit after four years from the time the tax was paid, unless before the expiration of such period a claim therefor is filed by the taxpayer. The records of this office disclose that the tax and interest in question assessed against your income tax return were paid on December 21, 1925, and that your claim was filed with the Collector of Internal Revenue on February 6, 1933. It was therefore not filed within the time prescribed by law. (See Treasury Decision 4266, Cumulative Bulletin, VIII-1 page 111, which states in effect that no informal claim may be perfected after the period of limitations for filing claims has expired, by filing a formal claim for refund.)"

On September 21, 1933, the claim was formally disallowed, and on July 19, 1935, the Commissioner notified plaintiff's attorney that her claim for refund would not be reopened, stating: "Careful consideration has been given to the matter of whether the letter addressed to the Collector of Internal Revenue by the tax payer under date of September 5, 1926, may be considered as a valid claim. However, the provisions of Treasury Decision 4266 are controlling upon this office and this decision provides that informal or defective claims seasonably filed may be perfected by the filing of a claim prior to May 1, 1929, which complies with the requirements of Treasury Decision 4265."

The District Judge thought and found that the letters of September 5 and 24, 1926, on which plaintiff relies as informal claims, were not sufficient in themselves as claims, and that they had not been aided by being received and treated by the Commissioner as claims. They were never recorded or treated as claims by forwarding them, for consideration as such, to Washington but were retained as correspondence in the collector's files. He thought and found that the February 6, 1933, formal claim, was not an amendment, but an original claim, and that the suit therefore failed for want of a timely claim.

He thought, further, that since plaintiff's amended return, filed in December, 1925, reported the real estate sale as a closed transaction, and no amended return was ever filed at any time claiming on an installment basis, and plaintiff did not, until the trial of the suit, really elect between reporting the sale as a closed transaction, or as an installment claim, there was no basis upon which plaintiff could recover. He therefore found that for want of a timely claim for refund and for want of a timely election to change her return, from a closed to an installment basis, plaintiff's suit failed. He gave judgment for defendant.

Here, appellant, invoking the Supreme Court decisions holding that informal claims, if actually received and considered by the Commissioner, and not rejected before limitation has run, may be amended to formally and specifically claim what they have informally and generally tried to claim, United States v. Factors & Finance Co., 288 U.S. 89, 53 S.Ct. 287, 77 L.Ed. 633; United States v. Felt & Tarrant Mfg. Co., 283 U.S. 269, 51 S.Ct. 376, 75 L.Ed. 1025; United States v. Memphis Cotton Oil Co., 288 U.S. 62, 53 S.Ct. 278, 77. L.Ed. 619; United States v. Prentiss & Co., 288 U.S. 73, 53 S.Ct. 283, 77 L.Ed. 626; Bemis Bros. Bag Co. v. United States, 289 U.S. 28, 53 S.Ct. 454, 77 L.Ed. 1011, insists that the judgment was wrong.

Appellee insists that the letters appellant relies on will not serve her under these decisions, as informal claims filed with, and under consideration by, the Commissioner, and later amended by a formal claim, and that the District Judge was right in so holding.

We agree with appellee. The cases appellant relies on have been recently reviewed, their meaning and effect declared, by the Supreme Court in United States v. Andrews, 58 S.Ct. 315, 82 L.Ed. ——, and United States v. Garbutt Oil Co., 58 S.Ct. 320, 82 L.Ed. ——. This review makes clear the distinction between the situation, presented by the filing with the Commissioner, of a general or informal claim, the Commissioner's waiver, by considering it, of its lack of precision and formality, and a later amending before it has been rejected by the Commissioner, to claim formally and precisely what had been informally and without precision claimed; and the situation presented here, in which an effort is made to file an amended claim after the statutory time has run, where there has been no prior filing with, and waiver by the Commissioner, of an informal claim, or, if there has been, the claim when so formally amended, is not the same claim as that informally filed.

What the letters appellant relies on undertook to do was, not to claim a refund on the basis of their having been an installment sale, but just the contrary. Their effort was to maintain the theory of the original 1924 return, that the transaction should be reported as a closed one, with no profit, because the notes, when given, were worthless. The statement in the letters that she had received $12,000, more than one fourth of the $47,000 sale price, though overstated by $350, was totally inconsistent with a claim for the retroactive application to the transaction, of the installment sales provision of the 1926 act. Her claim for refund of the total amount paid was even more inconsistent, for, under the installment sales provision, as the second count of her petition, on which she finally stood admits, she owed some part of the taxes collected on the amended return though the notes were never paid. To say, then, that these letters were in effect a claim to have the taxes, due on account of the sale, adjusted on an installment basis, is to say the exact contrary of what they claimed. Besides, they were not written to claim a refund. They were written to the collector as appellant's explanation for declining to pay the installments due on her current taxes, and when it was explained to her that she could not affect this offset, she paid the remaining installments and apparently abandoned the whole matter, until she filed the double-barrelled claim for refund at once on the closed and on the installment bases, the rejection of which she followed by this suit.

But, if plaintiff intended these letters as an informal claim for refund, the collector did not so understand them. He filed them away as correspondence, and did not send them to the Commissioner as a claim, while the Commissioner certainly did not intend to receive or consider them as such, for, until the time allowed for filing her claim had long passed, he never saw or knew of them.

The rule of the decisions appellant invokes, that the Commissioner cannot retain and consider a claim until beyond the limitation period, and then, denying the privilege of an amendment as filed too late, defeat the claim because of its informality, is a wholesome and liberal one. It cannot

be justly applied to a situation like this, where the claim was never filed with the Commissioner as a claim, nor considered by him as such.

If however, these letters could in any event be considered as an informal claim filed with the Commissioner by their writing to the collector, we think they presented the claim set out in count 1 of the suit, and abandoned on the trial. This is an entirely inconsistent and contradictory claim to that of count 2, that the return should have been adjusted on the installment basis, on which plaintiff finally stood, and the letters therefore cannot be used as the basis for an amendment to set out that claim. The privilege of applying retroactively the 1926 installment sales provision is a privilege of which the taxpayer must avail himself by a definite and timely election. . He cannot, as plaintiff attempted to do here, if she can be considered as filing a claim at all, claim originally on a closed basis, and many years after, first claim on two inconsistent bases, and finally, eleven years after the passage of the act, allowing returns on the installment basis, and on the trial of the case, make her election to claim refund on that basis.

The election thus made came too late.

The judgment is affirmed.