Kenneth J. TOBIN and Marguerite R. Tobin, Plaintiffs,

v.

Laurie W. TOMLINSON, District Director of Internal Revenue, District of Florida, Defendant.

No. 3871–Civil–J.

United States District Court
S. D. Florida,
Jacksonville Division.

Feb. 18, 1961.

---

Hill & Frazier, Jacksonville, Fla., for plaintiffs.

E. Coleman Madsen, U. S. Atty., Miami, Fla., for defendant.

SIMPSON, District Judge.

Counsel for the affected parties having been heard, after due notice, upon the defendant's motion for summary judgment (filed August 20, 1958), the Court finds that there is no genuine issue as to any material fact with respect to the matters pleaded in the defendant's First Defense incorporated in its Answer (filed March 31, 1958). The claim for refund was filed October 11, 1956, claiming an overpayment of income taxes for the calendar year 1952, paid March 15, 1953. Suit was filed November 12, 1957. Sec. 322(b) (1) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 322(b) (1), requires that claim for refund must be filed within 3 years from the time the return was filed, or within 2 years from the time the tax was paid, whichever is the later. In its order of August 11, 1958, this Court has already held that the enactment of Sec. 117(q) of the Internal Revenue Code of 1939, 26 U.S. C.A. § 117(q), did not, as contended by the plaintiffs, repeal by implication the period of limitation set forth in Sec. 322(b) (1). The plaintiffs' position that the facts pleaded in Paragraph 5 of the Amended Complaint raise a factual issue as to the timely filing of an informal refund claim is, upon examination and analysis, found to be without substance.

The plaintiffs' claim for refund is time-barred by Secs. 322(b) and 3772(a) of the Internal Revenue Code of 1939, 26 U.S.C.A. §§ 322(b), 3772(a), and the defendant is entitled to the entry of summary judgment. Accordingly, it is

Ordered that the defendant's motion for summary judgment is granted, and this cause is dismissed.