Kenneth J. TOBIN and Marguerite R. Tobin, Appellants,

v.

Laurie W. TOMLINSON, District Director of Internal Revenue, District of Florida, Appellee.

No. 19173.

United States Court of Appeals Fifth Circuit.

Nov. 21, 1962.

Jones, Circuit Judge, dissented in part.

William R. Frazier, Hill & Frazier, James P. Hill, Jacksonville, Fla., for appellants.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Atty., Dept. of Justice, Washington, D. C., Edward F. Boardman, U. S. Atty., Miami, Fla., John B. Jones, Jr., Acting Asst. Atty. Gen., Meyer Rothwacks, John A. Bailey, I. Henry Kutz, Attys., Dept. of Justice, Washington, D. C., for appellee.

Before RIVES, JONES and GEWIN, Circuit Judges.

RIVES, Circuit Judge.

Kenneth J. Tobin, who will here generally be called the taxpayer, made an assignment of a patent reserving royalties. He filed an income tax return for the year 1951 reporting the royalties for that year as ordinary income. After the enactment of Public Law 629, 84th Cong. 2d Sess., approved June 29, 1956, retroactively amending Section 117 of the Internal Revenue Code of 1939,[1] the taxpayer brought suit to recover a claimed overpayment. Against a defense that the claim was barred by limitations [2] and by failure to file a timely claim,[3] the taxpayer contended that the retroactive amendment to Section 117, supra, took the claim out from the limitation statute governing taxes and entitled taxpayer to the benefit of the general six-year limitation period.[4] In the alternative it was urged that the 1956 amendment created a right of refund not previously existing and the limitation period did not begin to run until the pas-

---

1. "(1) General Rule.—A transfer (other than by gift, inheritance, or devise) of property consisting of all substantial rights to a patent, or an undivided interest therein which includes a part of all such rights, by any holder shall be considered the sale or exchange of a capital asset held for more than six months, regardless of whether or not payments in consideration of such transfer are—

"(A) payable periodically over a period generally coterminous with the transferee's use of the patent, or

"(B) contingent on the productivity, use, or disposition of the property transferred.

* * * * *

"(4) Applicability.—This subsection shall apply with respect to any amount received, or payment made, pursuant to a transfer described in paragraph (1) in any taxable year beginning after May 31, 1950, regardless of the taxable year in which such transfer occurred." 26 U.S.C.A. § 117(q) (1), (4).

2. 26 U.S.C.A. (I.R.C.1939) § 322(b) (1).

3. 26 U.S.C.A. (I.R.C.1954) § 7422.

4. 28 U.S.C.A. § 2401.

sage of the Act. These contentions, as to the 1951 tax, were resolved by this Court against the taxpayer. Tobin v. United States, 5 Cir., 1959, 264 F.2d 845.

The taxpayer again reported his royalties as ordinary income in his tax return for the year 1952. He again brought suit and the district court dismissed the cause. Tobin v. Tomlinson, D.C.S.D.Fla. 1961, 192 F.Supp. 159. The same questions were raised as were presented on the former appeal. As to those questions we adhere to the former opinion of the Court and we need not again state the reasons for the conclusions there reached.

■ A further question not before the Court on the former appeal is whether or not a letter sent by the taxpayer to the Collector of Internal Revenue on March 10, 1953 [5] constitutes an informal claim for refund which was perfected by the filing of the formal claim on Treasury Form 843 on October 11, 1956, so as to avoid the running of the statute of limitations. An Internal Revenue Agent replied to the taxpayer's letter of March 10, and correspondence continued for several months, the last letter from the Agent to the taxpayer being dated July 1, 1955. The Agent took and adhered to the position that the royalties were ordinary income. There the matter

rested until October 5, 1956, when the taxpayer signed a claim for refund on Form 843, which was filed in the office of the District Director at Jacksonville, Florida, on October 11, 1956.

The claim on Form 843 does not purport to amend or perfect any prior informal claim, and contains no reference to any other claim. The Form 843 claim for refund refers to an attached "Statement of Reasons for Allowance of Claim," in which it is stated:

"In support of the foregoing contents, Claimant relies on the expressed provisions of Public Law 629, 84th Congress, Second Session, Chapter 464, HR 6143, approved June 29, 1956, retroactively amending Section 117 of the Internal Revenue Code of 1939, to all taxable periods beginning after May 31, 1950."

The original complaint filed by the taxpayer alleged:

" * * * That on or about October 11, 1956, Plaintiffs filed a Claim for Refund, Form 843, with and in the office of the District Director of Internal Revenue for the District of Florida at Jacksonville, Florida, seeking a refund of $3,655.-52 of taxes aggregating $7,238.42, paid by Plaintiffs with respect to their original 1952 income tax re-

---

5. "In filing the attached income report for 1952 and the Declaration of Estimated Tax for 1953 may I call your attention to the fact that I have simiritired (sic) and will live here from now on. Last year and subsequent years I filed my reports in Chicago, Illinois and have advised that office of the change.

"Further my type of receiving income has been changed. I shall receive a small consulting fee and the balance of my income shall be from patent royalties as a result of exclusive license with the Evans Products Company.

"I have retired because I find no percentage in keeping on and having the government collect the greater part of my income from royalties when they are considered as straight income. I lose and the government loses in taxes.

"I have been advised by competent legal talent that I should under the circumstances treat my royalties as Capital

Gain. By the same token I have no idea any more than you do what to estimate as income inasmuch as the inventions are used by the railroads and the armed forces in transportation but I am giving a guess anyway. I have paid the tax on the royalties as straight income and I ask that you arrange a hearing on this matter in the Tax Court and advise me.

"A recent Appeals Court Ruling and opinion of the United States Supreme Court are attached herewith for your information. After it has served your purpose will you kindly return it to me. It was taken for the (sic) The New York Times, Sunday, February 1st, 1953.

"I am requesting that my royalties be subject to tax as Capital Gains and that I be refunded the amount of tax being paid on it as ordinary income. I am prepared to furnish all the necessary supporting data."

turn, a true copy of which is marked Exhibit A, attached hereto and by reference made a part of this Complaint."

Attached to the complaint was a verbatim copy of the claim on Form 843. The defendant moved to dismiss the complaint "upon the grounds that it appears upon the face of the complaint that the plaintiffs failed to file a claim for refund as provided by Section 322 (b) of the Internal Revenue Code of 1939, in that the claim was not filed within three years of the filing of the return or within two years of the payment of the tax." The district court granted the defendant's motion to dismiss with leave to the plaintiff to file an amended complaint. Then in an amended complaint filed February 14, 1958, the plaintiff for the first time took the position "that the various claims and demands made by the said Kenneth J. Tobin in letters addressed to the Bureau of Internal Revenue and Internal Revenue Service and replies of the Government agents thereto between the dates of March 10, 1953, and July 1, 1955, constitute a legally sufficient proper and timely Claim for Refund necessary as a condition and precedent of maintaining this cause of action under the provisions of Section 3772(a) (1) and other relevant provisions of the Internal Revenue Code of 1939."

That position the district court "found to be without substance." 192 F.Supp. 160.

Section 7422(a) of the 1954 Internal Revenue Code prohibits the maintenance of a refund suit in any court "until a claim for refund or credit has been duly filed with the Secretary or his delegate, according to the provisions of law in that regard, and the regulations of the Secretary or his delegate established in pursuance thereof."

The applicable regulations, thus sanctioned, provide as follows (Treasury Regulations 118, Sec. 39.322–3):

"Sec. 39.322–3. *Claims for refund by taxpayers.*

"(a) Claims by the taxpayer for the refunding of taxes, interest, penalties, and additions to tax erroneously or illegally collected shall be made on Form 843, or on Form 1040 or 1040A, or an amended return, and should be filed with the district director of internal revenue. A separate claim shall be made for each taxable year or period.

"(b) * * * The claim must set forth in detail each ground upon which a refund is claimed, and facts sufficient to apprise the Commissioner of the exact basis thereof. The statements of the grounds and facts must be verified by a written declaration that they are made under the penalties of perjury * *."

The taxpayer's letters did not comply with the regulations either as to form or as to substance. Nor were they verified or declared to be made under penalties of perjury.

"Literal compliance with statutory requirements that a claim or appeal be filed with the Commissioner before suit is brought for a tax refund may be insisted upon by the defendant, whether the Collector or the United States." Tucker v. Alexander, 1927, 275 U.S. 228, 231, 48 S.Ct. 45, 46, 72 L.Ed. 253. See also United States v. Felt & Tarrant Co., 1931, 283 U.S. 269, 272, 51 S. Ct. 376, 377, 75 L.Ed. 1025.

" * * * But it is not enough that somewhere under the Commissioner's roof is the information which might enable him to pass on a claim for refund. The protection of the revenue authorizes the Commissioner to demand information in a particular form, and he is entitled to insist that the form be observed so as to advise him expeditiously and accurately of the true nature of the claim." Angelus Milling Co. v. Commissioner, 1945, 325 U.S. 293, 299, 65 S.Ct. 1162, 1165, 89 L.Ed. 1619.

In United States v. Kales, 1941, 314 U.S. 186, 196, 62 S.Ct. 214, 219, 86 L.

Ed. 132, there was "consistent administrative treatment of respondent's letter of March 23, 1925, and the later amendment as a claim for refund." 314 U.S. at 196, 62 S.Ct. at 219, 86 L.Ed. 132. The Court held:

"This Court, applying the statute and regulations, has often held that a notice fairly advising the Commissioner of the nature of the taxpayer's claim, which the Commissioner could reject because too general or because it does not comply with formal requirements of the statute and regulations, will nevertheless be treated as a claim, where formal defects and lack of specificity have been remedied by amendments filed after the lapse of the statutory period. United States v. Memphis Cotton Oil Co., 288 U.S. 62 [53 S. Ct. 278, 77 L.Ed. 619]; United State v. Factors & Finance Co., 288 U.S. 89 [53 S.Ct. 289, 77 L.Ed. 633]; Bemis Bro. Bag Co. v. United States, 289 U.S. 28 [53 S.Ct. 454, 77 L.Ed. 1011]; Moore Ice Cream Co. v. Rose, 289 U.S. 373, 384 [53 S.Ct. 620, 77 L.Ed. 1265]. This is especially the case where such a claim has not misled the Commissioner and he has accepted and treated it as such. Bonwit Teller & Co. v. United States, 283 U.S. 258 [51 S.Ct. 395, 75 L.Ed. 1018]; United States v. Memphis Cotton Oil Co., supra [288 U.S. 62], 70 [53 S.Ct. 278, 281, 77 L.Ed. 619]." 314 U.S. at 194, 62 S.Ct. at 218, 86 L.Ed. 132.

█ The taxpayer's claim for refund on Form 843 does not purport to be an amendment of any informal claim. It cannot be asserted that the Commission has waived the requirement of a formal claim. What was said by Judge Hutcheson in Livermore v. Miller, 5 Cir., 1938, 94 F.2d 111, 114, is applicable here:

"But, if plaintiff intended these letters as an informal claim for refund, the collector did not so understand them. He filed them away as correspondence, and did not send them to the Commissioner as a claim,

while the Commissioner certainly did not intend to receive or consider them as such, for, until the time allowed for filing her claim had long passed, he never saw or knew of them."

If the letters or any of them constituted a claim for refund, it was an informal and defective claim which "will not supply a basis for a suit against the government when there has been neither waiver by the commissioner nor amendment by the taxpayer." United States v. Memphis Cotton Oil Co., 1933, 288 U. S. 62, 72, 53 S.Ct. 278, 282, 77 L.Ed. 619.

█ Moreover, the assertions in the taxpayer's letters were rejected in the letters from the Internal Revenue Agent. Even if the letters were treated as a claim, the claim was not in existence after it was rejected and could not be amended after the expiration of the statute of limitations. 10 Merten's Law of Federal Income Taxation, § 58.18, p. 43, and cases cited in Note 22, including American National Ins. Co. v. Bass, 5 Cir., 1934, 68 F.2d 511.

The judgment of the district court was correct, and it is

Affirmed.

JONES, Circuit Judge (dissenting in part).

I am not in agreement with that part of the Court's opinion which holds that the taxpayer's letter which accompanied his return, together with the letters to and from the Internal Revenue Agent, did not constitute an informal claim for refund.

The rule as to informal claims is thus stated:

"Letters and protests ordinarily do not meet the requirements of the statute, but where they are found to constitute 'more than a protest or a statement of an intention to file a claim later,' they have been accepted as informal refund claims." Mertens, Law of Federal Income Taxation, Ch. 58, p. 48, § 58.20.

The rule has been stated and restated by the Supreme Court. United States v. Kales, 314 U.S. 186, 62 S.Ct. 214, 86 L. Ed. 132; Bonwit Teller & Company v. United States, 283 U.S. 258, 51 S.Ct. 395, 75 L.Ed. 1018. See also Rogan v. Ferry, 9th Cir., 1946, 154 F.2d 974; United States v. Lederer Terminal Warehouse Company, 6th Cir., 1943, 139 F. 2d 679. The Court of Claims has thus stated the rule and the reasons for it:

"It has long been recognized that the failure to meet the formal requirements in regard to claims for refund is not necessarily destructive of a tax payer's right to such refund where the Commissioner was not misled or deceived by the failure to file a formal claim [Citations]. The purpose of a claim for refund is to put the Commissioner on notice that a right is being asserted with respect to an overpayment of tax [Citation]. This notice must be given within the time required by the statutory limitation period or else the claim is barred. Such a rule prevents the assertion of stale claims which would be difficult or impossible to determine on their merits due to the passage of time. However, where the Commissioner has had notice from the very beginning of the taxpayer's claim to a refund of tax predicated on specific facts the very purpose of a limitations period has been served [Citation].

\*       \*       \*       \*       \*       \*

"Necessarily each case must be decided on its own peculiar set of facts with a view towards determining whether under those facts the Commissioner knew, or should have known, that a claim was being made." Newton v. United States, 143 Ct.Cl. 293, 163 F.Supp. 614.

With this principle and the reasons given I am in accord.

In his letter the taxpayer said, "I am requesting that my royalties be subject to tax as Capital Gains and that I be refunded the amount of tax being paid on it as ordinary income." What more could he have said on printed form, and how could it have been said more clearly? The Internal Revenue Service could not have entertained a doubt but that a claim was being asserted and the basis for it. Believing that the judgment of the district court should be reversed, I dissent.