**Manly A. WATSON**

v.

**UNITED STATES of America.**

**Civ. A. No. 4298.**

United States District Court

E. D. Tennessee, S. D.

Aug. 24, 1965.

Richard P. Jahn, Chattanooga, Tenn., for plaintiff.

J. H. Reddy, U. S. Dist. Atty., Chattanooga, Tenn., for defendant.

FRANK W. WILSON, District Judge.

This is an action by a taxpayer to recover income taxes alleged to have been erroneously or illegally assessed and collected. As originally filed, the suit appeared to involve the sum of $1320.00 alleged to have been illegally collected for the years 1959 through 1961.

Although originally there appeared to be multiple issues in the case, by reason of the stipulations made at the trial there now appear to be two issues for decision. The first issue is whether the taxpayer is barred by Sections 6511(a) and 6532 (a), Title 26 U.S.C., from bringing this suit by reason of failure to timely file an adequate claim for refund and to obtain an administrative determination upon such claim. The second issue is whether certain payments received by the taxpayer for the tax year involved were disability payments exempt from taxation under Section 105(d), Title 26 U.S.C., or whether such payments were retirement income and taxable as such.

It is stipulated that the taxpayer, Manly A. Watson, was born September 18, 1897, and thus became 60 years of age upon September 18, 1957. He was a Civil Service employee of the Federal Government for a total of 29 years plus

at the time of his forced retirement for disability upon October 3, 1953. He would have had in excess of 30 years government service had he remained in government employment until he became 60 years of age upon September 18, 1957. Mr. Watson contributed $4,963.27 to the United States Civil Service Retirement Fund during the course of his employment with the government. The mandatory retirement age under Civil Service regulations is 70 years of age. However, a civil service employee is permitted to retire without reduction in annuity benefits at any time after 30 years of service and after becoming 60 years of age.

Further stipulations narrowed the sum in issue to $363.35 and the year in issue to the tax year 1959. In accordance with these stipulations, it appears that the taxes claimed by the Government to be due for the tax years 1960 and 1961 have not yet been paid, so that no suit would lie at this time for adjudication of any issue relating to taxes for these years.

Upon this state of the record it is the contention of the taxpayer that he effectively complied with the statutory regulations for filing a refund and that he is entitled to the refund herein sued for as the payments received by him were deductible from gross income under Section 105(d) as payments received for a period during which he was absent from work on account of sickness. It is the taxpayer's contention that but for his forced retirement for disability he would not have been required to retire until age 70 and would have continued work until that age, so that his payments would continue to be non-taxable disability payments until he reached the age of 70 and would not become taxable retirement income until he recouped his contribution to the retirement fund after reaching the age of 70.

Upon the other hand, it is the contention of the Government that the taxpayer is not entitled to a refund as he did not file a claim for a refund either within the three year period after filing the tax return for 1959 or within the two year pe-

riod after payment of the tax as required by 26 U.S.C.A. § 6511, nor did he await administrative denial of the claim or six months before filing suit, as provided by 26 U.S.C. § 6532. It is further the contention of the Government that since the taxpayer would have had 30 years of service with the Government upon becoming 60 years of age upon September 18, 1957, and therefore could have retired on that date without reduction in his annuity, his annuity payments ceased to be disability payments deductible from gross income under 26 U.S.C. § 105(d) as of that date, and that upon his thereafter recouping his contribution of $4,963.27, which sum was fully recouped by June, 1959, his annuity payments were thereafter fully taxable retirement income.

■ With respect to the first issue, namely whether the taxpayer has taken adequate steps to comply with Section 6511 and Section 6532, the Court is of the opinion that he has. A formal claim for refund or Form 843 was filed under date of March 9, 1964. Prior to that time, by letter dated April 16, 1960, the taxpayer had notified the Director of Internal Revenue of his claim that the annuity payments were non-taxable. Thereafter, the 1959 taxes were assessed by the Government on the basis of their contention as set forth above, and the taxes so assessed were collected over the period from June 19, 1961, through January 8, 1962, by levy upon the taxpayer's annuity. There were disputes with reference to other years, however, and it appears that the taxpayer was unaware of the manner in which the collections by levy were credited until the date of the trial. There appear to have been other negotiations between the parties with respect to the taxpayer's claim for refund. Each year the taxpayer reasserted his claim to exemption of the annuity payments, including letters dated April 17, 1961, January 26, 1962, April 16, 1962, and April 15, 1963. His formal claim for refund was filed after a conference in the District Director's Office in Nashville, Tennessee, in 1964 at which time the tax-

payer's contentions had been denied. Under the circumstances of this case, the Court is of the opinion that the taxpayer's letters and protests should be accepted as an adequate informal claim for refund. The failure of the taxpayer to meet the formal requirements in regard to claims for refund is not necessarily destructive of his right to refund where the Director of Internal Revenue was not misled nor deceived by the failure to file a formal claim. Tobin v. Tomlinson, 5 Cir., 310 F.2d 648. The Director here was clearly aware of the taxpayer's claim within the statutory period and acted in such manner as to effectively deny the same.

█ Turning to the second issue in the lawsuit, namely whether the annuity income received in 1959 was or was not deductible from gross income under Section 105(d), the Court is of the opinion that it was so deductible. Section 105 (d), insofar as relevant to the issues in this lawsuit, provides as follows:

"(d) *Wage Continuation Plans.*— Gross income does not include amounts referred to in subsection (a) if such amounts constitute wages or payments in lieu of wages for a period during which the employee is absent from work on account of personal injuries or sickness * * *"

By Treasury Regulation 1.105–4(a) (3) (i) it is provided:

"Section 105(d) applies only to amounts attributable to periods during which the employee would be at work were it not for a personal injury or sickness. Thus, an employee is not absent from work if he is not expected to work because, for example, he has reached retirement age. If a plan provides that an employee, who is absent from work on account of a personal injury or sickness, will receive a disability pension as long as he is disabled, section 105 (d) is applicable to any payments which such an employee receives under this plan before he reaches retirement age, but section 105(d) does not apply to the payments which such an employee receives after he reaches retirement age."

In further interpretation of the foregoing provision of the Internal Revenue Code and Regulation, the Government cites the following ruling from Rev.Rul. 57–76, 1957–1 Cum.Bull. 66, 67, which reads in relevant part: ·

"(1) The lowest age specified in the appropriate written employees' pension or annuity plan at which the employee, had he not been disabled and had he continued in such employment, would have had the right to retire without the consent of the employer and receive retirement benefits based on service to date of retirement computed at the full rate set forth in the plan, i. e., without actuarial or similar reduction because of retirement before some later specified age, provided, however, that such retirement age corresponds with the employer's actual practice and is reasonable in view of all the pertinent facts and circumstances * * *."

The issue then is, when, under Section 105(d) and the treasury regulation cited and under the facts of this case, the taxpayer would reach retirement age. The employer here did not require retirement at age 60. The evidence indicates that the taxpayer would not have retired at age 60, nor by 1959, but for his forced retirement due to disability. The family circumstances and financial needs of the taxpayer would indicate that this was not unreasonable upon the part of the taxpayer. The evidence does not establish any actual practice upon the part of the employer that would have required his retirement at age 60 or at any age before 70. The evidence introduced by the Government only reflects that a varying percentage of employees do retire each year until age 70 is reached.

Accordingly, the Court is of the opinion that the taxpayer had not reached retirement age in 1959 and the annuity income received by him during that year

would be excluded from gross income under Section 105(d). C. I. R. v. Winter, 303 F.2d 150 (C.A.3, 1962). The taxpayer is accordingly entitled to recover the sum of $363.35, plus interest, from the date of payment.

This opinion will constitute the findings of fact and conclusions of law of the Court. An order will enter accordingly.