United States Court of Appeals,

Eleventh Circuit.

No. 94-6606.

MUTUAL ASSURANCE, INC., Plaintiff-Appellee,

v.

UNITED STATES of America, Defendant-Appellant.

July 3, 1995.

Appeal from the United States District Court for the Northern District of Alabama. (No. CV 93-H-952-S), James Hughes Hancock, Judge.

Before HATCHETT and EDMONDSON, Circuit Judges, and GIBSON[*], Senior Circuit Judge.

HATCHETT, Circuit Judge:

In this tax refund case, we affirm the district court's ruling that the appellee's, Mutual Assurance, Inc., amendment to a timely filed administrative claim for refund could serve as the jurisdictional basis for maintaining this action.

**FACTS**

Mutual Assurance, Inc. (Mutual Assurance), the appellee, an Alabama corporation whose principal place of business is located in Birmingham, Alabama, is a property and casualty insurance company specializing in medical malpractice insurance. The Internal Revenue Code allows Mutual Assurance to determine its taxable income through deductions, including its "losses incurred," including unpaid loss reserves, from its gross revenues. In 1986, Congress enacted section 846 of the Internal Revenue Code, 26 U.S.C. § 846, which required insurance companies such as Mutual

---

[*]Honorable John R. Gibson, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

Assurance to discount to present value their unpaid loss reserves attributable to current as well as prior tax years.

In response to problems that arose in the industry, the Internal Revenue Service (IRS) subsequently promulgated Revenue Procedure 91-21 that provided certain insurers the opportunity to elect to use a special schedule of discount factors (the Composite Schedule P factors) to determine their unpaid loss reserves. In the case of Mutual Assurance, the election led to a larger loss reserve, a larger deduction, and a lower tax liability. The relief set forth in Revenue Procedure 91-21 was available for all years for which the statute of limitations on filing refund claims were still open.

Mutual Assurance reports its income taxes on the basis of a calendar year, and the earliest open year was 1987. Mutual Assurance filed its 1987 tax return on September 10, 1988. Section 6511(a) of the Internal Revenue Code (26 U.S.C.) requires a taxpayer to file an administrative claim for refund with the IRS within three years from the time the taxpayer files the return or two years from the time the tax is paid, whichever period expires later. Therefore, Mutual Assurance had until September 10, 1991, to file a claim for a refund of its 1987 taxes. On April 5, 1991, Mutual Assurance filed claims for refund for its 1987, 1988, and 1989 tax years using Revenue Procedure 91-21 as the basis for the refunds claimed. The amount claimed for 1987 was $495,728. On May 14, 1991, the IRS allowed Mutual Assurance's claim for the 1987 tax year and refunded to the company $495,728. On September 19, 1991, nine days after the expiration of the three-year period for seeking

refunds for tax year 1987, the IRS conducted a field examination of Mutual Assurance's claims and discovered a miscalculation of the company's unpaid loss reserves for the 1987, 1988, and 1989 tax years. This miscalculation caused Mutual Assurance to understate the amount of its overpayment in the original claim for a refund for tax year 1987 by $489,601. As a result, in addition to the money already refunded, Mutual Assurance overpaid $489,601.

On September 26, 1991, Mutual Assurance filed an informal claim for refund for each of the three years. The IRS allowed the claims for refund for 1988 and 1989, including the additional amounts claimed in the informal claim of September 26, 1991. The IRS disallowed Mutual Assurance's claim for the additional $489,601 as a result of the 1987 overpayment. On April 23, 1993, Mutual Assurance filed a formal claim for refund for tax year 1987 requesting a refund of $489,601. In letters dated April 29, 1993, and May 6, 1993, the IRS notified Mutual Assurance that it was disallowing both the company's informal and formal claim for an additional refund for tax year 1987 due to Mutual Assurance's failure to timely file an administrative refund claim pursuant to I.R.C. § 6511(a). Mutual Assurance instituted this action on May 12, 1993.

### PROCEDURAL HISTORY

On July 16, 1993, the government filed a motion to dismiss the complaint for lack of subject matter jurisdiction. The government relied on I.R.C. § 7422 that bars an action for recovery of federal taxes unless a claim for refund has been duly filed. The government then invoked I.R.C. § 6511's three-year period for

filing a refund claim and argued that because the only claim filed within the three-year period the IRS allowed, no timely claim could serve as the basis for this action for refund. For that reason, the government argued, the district court lacked jurisdiction over this lawsuit.

In an order dated October 4, 1993, the district court denied the government's motion. The court ruled that Mutual Assurance's original refund claim for tax year 1987, filed on April 5, 1991, provided a sufficient jurisdictional basis for the refund lawsuit for the $489,601. In rejecting the assertion that Mutual Assurance's right to a refund of taxes is limited to the amount in its claim for refund, the court concluded that once a taxpayer files a claim for refund, the IRS is required to compute the correct tax. The court therefore concluded that Mutual Assurance's April 5, 1991 claim for refund was a sufficient basis to allow it to recover the entire amount of its overpayment. Alternatively, the district court found that Mutual Assurance's informal claim for refund of September 26, 1991, should be viewed as an amendment of, and should relate back to, its timely April 5, 1991 claim even though Mutual Assurance's earlier claim had already been allowed in full. The court reasoned that Mutual Assurance's amendment altering the amount of recovery was based on the same grounds as the original claim.

Because the government's sole defense to the relief sought by Mutual Assurance was stated in its motion to dismiss, the parties stipulated to the entry of final judgment in Mutual Assurance's favor. Pursuant to that stipulation, the district court entered

judgment on May 11, 1994. The government appeals.

## CONTENTIONS

The government contends that once it allowed Mutual Assurance's April 5, 1991 request for a $495,728 refund for tax year 1987, that claim was rendered moot; and nothing more was pending before the IRS with respect to tax year 1987. Therefore, at the time the statute of limitations expired on September 10, 1991, an administrative refund claim that could serve as the jurisdictional basis for a refund suit did not exist. The government also argues that the district court's alternative holding is contrary to a long line of cases holding that once a refund claim has been satisfied, it can no longer be amended.

Mutual Assurance argues that the district court's judgment should be affirmed because its April 5, 1991 refund claim provided the IRS with sufficient notice to grant relief in the correct amount. Mutual Assurance also argues, alternatively, that it was entitled to amend the original claim to state the correct amount.

## ISSUE

The sole issue raised on this appeal is whether Mutual Assurance's April 5, 1993 timely filed refund claim for the 1987 tax year may be amended after the expiration of the statute of limitations because the amount the government refunded was less than the full amount of the overpayment.

## DISCUSSION

The subject matter jurisdiction of the district court is a question of law subject to *de novo* review. *United States v. Perez,* 956 F.2d 1098 (11th Cir.1992). Under well-settled principles of

sovereign immunity, the United States is immune from suit unless it consents to be sued. *United States v. Dalm,* 494 U.S. 596, 608, 110 S.Ct. 1361, 1368, 108 L.Ed.2d 548 (1990). Moreover, "[t]he terms of [the United States's] consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood,* 312 U.S. 584, 586-87, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941). A statute of limitations requiring that a suit against the government be brought within a certain period of time is one of those terms. *Dalm,* 494 U.S. at 608, 110 S.Ct. at 1368.

The United States has waived its sovereign immunity in order to allow taxpayers to file actions seeking tax refunds: "The district courts shall have original jurisdiction ... of [a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected...." 28 U.S.C. § 1346(a)(1). Section 7422 of the Internal Revenue Code (26 U.S.C.) provides, however, that a suit for a refund of federal taxes may be maintained only if an administrative claim for refund has been "duly filed."[1] Courts have consistently held that a taxpayer's filing of an administrative refund claim with the IRS in accordance with the relevant provisions of the Internal Revenue Code is a

---

[1]Section 7422 provides, in relevant part:

> (a) .... No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected ... until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

I.R.C. § 7422(a).

jurisdictional prerequisite to the maintenance of a tax refund suit. *E.g., Dalm,* 494 U.S. at 602, 110 S.Ct. at 1365; *Charter Co. v. United States,* 971 F.2d 1576, 1579 (11th Cir.1992). Section 6511(a) of the Internal Revenue Code (26 U.S.C.) requires a taxpayer to file an administrative claim for refund with the IRS "within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid." I.R.C. § 6511(a). A taxpayer who fails to file an administrative claim for refund within the period set forth in I.R.C. § 6511(a) is barred from filing a refund suit in the district courts. *Dalm,* 494 U.S. at 609-10, 110 S.Ct. at 1368-69; *Vintilla v. United States,* 931 F.2d 1444, 1446, *reh'g denied,* 942 F.2d 798 (11th Cir.1991).

The government argues that once it satisfied Mutual Assurance's timely filed, April 5, 1991 refund claim for tax year 1987 and paid the amount requested, Mutual Assurance no longer had an administrative refund claim for tax year 1987 pending before the IRS. Therefore, when Mutual Assurance filed an amended claim for refund on September 26, 1991, beyond the three-year period for filing refund claims for tax year 1987, no refund claim existed that could be amended. The government finds support for this proposition in a line of cases holding that an accepted claim is no longer in existence and is, therefore, not a basis for filing an amended claim. *E.g., Edwards v. Malley,* 109 F.2d 640, 645 (1st Cir.1940); *New York Trust Co. v. United States,* 87 F.2d 889, 891 (2d Cir.), *cert. denied,* 301 U.S. 704, 57 S.Ct. 937, 81 L.Ed. 1359

(1937). We disagree.

In *Bemis Brothers Bag Co. v. United States,* 289 U.S. 28, 53 S.Ct. 454, 77 L.Ed. 1011 (1933), the taxpayer's timely filed claim for refund raised three grounds for relief and set forth facts and arguments in support of each basis for the claim. The IRS denied the claim after rejecting only one of the three grounds the taxpayer presented. After the statute of limitations for filing refund claims had expired, the taxpayer filed an amended claim that asserted no new theories for relief, but merely requested that the IRS consider in the alternative the grounds for relief stated in its timely filed claim. The IRS reconsidered the taxpayer's claim, agreed that an overpayment had occurred, but refused to allow the claim on the ground that the statute of limitations had run. The Supreme Court, however, held that the taxpayer could amend its prior claim for refund.

In allowing the amendment, the Court reasoned that the taxpayer had not set forth a new theory of recovery; rather, the taxpayer was merely "asking the Commissioner take action upon discoveries already in the making or perhaps already made." *Bemis Brothers,* 289 U.S. at 35, 53 S.Ct. at 457. *Bemis Brothers* compels us to reject the government's argument that once it paid Mutual Assurance the requested amount of the refund, the claim ceased to exist. In *Bemis Brothers,* the Court expressly rejected the prayer for relief test as a basis for determining the limits of permissible amendments: "the suitor shall have the relief appropriate to the facts that he has pleaded, whether he has prayed for it or not." *Bemis Brothers,* 289 U.S. at 34, 53 S.Ct. at 456.

This case is similar to *Bemis Brothers* in that Mutual Assurance's April 5, 1991 refund claim for tax year 1987 contained a defective prayer for relief:  it requested an overpayment refund in the amount of $495,728 when the actual overpayment for that year was $985,329.  In addition, the amendment asserted the same ground for relief as the original claim, the Composite Schedule P factors. Therefore, "the claim as amended does not differ in matter of substance from the claim as first presented."  *Bemis Brothers,* 289 U.S. at 33, 53 S.Ct. at 456.  Moreover, Internal Revenue Service Revenue Ruling 81-87, provides that "in order to ascertain whether there has been an overpayment of tax, adjustments that decrease the tax must be considered as well as adjustments that increase the tax." Rev.Rul. 81-87, 1981-1 C.B. 580. Rev.Rul. 81-87, therefore, required the IRS to correctly compute the amount of Mutual Assurance's 1987 overpayment.  In *Bemis Brothers,* the Court noted that where the basis of the taxpayer's claim for refund allows the IRS to "learn[ ] ... that the assessment is erroneous in a determinable amount.  Justice will then require that it be changed to that extent."  We must allow the amendment because Mutual Assurance's original claim for refund for tax year 1987 was based on recomputing its unpaid loss reserves using the Composite Schedule P factors.  If the IRS had properly applied these discount factors it would have arrived at the correct amount of Mutual Assurance's overpayment.[2]

---

[2]During oral argument, the government conceded that Mutual Assurance's April 5, 1991 claim for refund provided it with a sufficient basis for accurately computing the exact amount of the 1987 overpayment.

The government relies on a decision of the United States Court of Claims in *Union Pacific Railroad Co. v. United States,* 389 F.2d 437 (1968), in which the court stated "[t]he disposition of a taxpayer's refund claim by allowance of the amount requested in full ... precludes an amendment asserting an additional amount after the expiration of the statutory period for refund." 389 F.2d at 447. We respectfully submit that this aspect of the decision in *Union Pacific Railroad Co.* cannot be reconciled with the teachings of *Bemis Brothers.* In any event,*Union Pacific Railroad Co.* is not binding precedent in this circuit.

The government also cites *Tobin v. Tomlinson,* 310 F.2d 648 (5th Cir.1962), *cert. denied,* 375 U.S. 929, 84 S.Ct. 327, 11 L.Ed.2d 262 (1963), as support for its position.[3] In *Tobin,* however, the issue was whether a taxpayer's letter could be considered an informal claim for a tax refund that could be perfected through the filing of a formal refund claim outside the statutory limitations period. *Tobin,* 310 F.2d at 650. The court concluded that the letter did not comply with applicable regulations; therefore, it could not serve as the basis for an otherwise untimely amendment. *Tobin,* 310 F.2d at 651. *Tobin,* therefore, is inapposite. Lastly, other circuits have held that "[w]here the facts upon which the amendment is based would have been ascertained by the commissioner in determining the merits of the original claim, the amendment is proper." *United States v.*

---

[3]Decisions of the United States Court of Appeals for the Fifth Circuit handed down prior to the close of business on September 30, 1981, are binding precedent on the Eleventh Circuit. *Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir.1981) (*en banc* ).

*Ideal Basic Industries, Inc.,* 404 F.2d 122, 124 (10th Cir.1968) (quoting *Pink v. United States,* 105 F.2d 183, 187 (2d Cir.1939)), *cert. denied,* 395 U.S. 936, 89 S.Ct. 1997, 23 L.Ed.2d 451 (1969).

## CONCLUSION

Accordingly, the judgment of the district court is affirmed.

**AFFIRMED.**