[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13452
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 26, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-00273-CV-J-16MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES LOUIS GUYTON, JR.,
as Executor of the Estate of James
Louis Guyton,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 26, 2010)

Before TJOFLAT, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

James Louis Guyton, Jr., proceeding *pro se*, appeals the district court's order

granting summary judgment in favor of the government in a tax collection suit brought pursuant to 26 U.S.C. § 7402. After a thorough review of the record, we affirm.

This case arises from tax liability from the sale of a poultry farm that James Louis Guyton, Sr. sold in January 2000, for $190,000. He placed the money received from the sale in a joint account he held with his son Blake. Six months later, Guyton, Sr. died, and his son James Guyton was named executor of the estate.

According to tax forms 4797 and 1040 filed in connection with the estate's tax liability for tax year 2000, Guyton listed the taxable gain from the sale as $160,301, and the outstanding tax liability as $132,436. The government assessed the tax due and although Guyton made payments in October and November of 2001, and March of 2004, over $29,000 remained outstanding. With interest and penalties, the amount totaled $50,453.63.

Thereafter, in federal district court, the government sought to collect the amount due for tax year 2000, which included the taxes due on the income from the sale of the farm, by filing a suit to reduce the assessment to judgment. Guyton responded that the district court lacked jurisdiction because he had appealed his tax deficiency in the U.S. Tax Court and had requested a Notice of Determination on

2

September 13, 2006. He argued that the proceedings in the district court must be stayed until the issues pending in the tax court were resolved.

Following proceedings in the tax court, during which the district court stayed the proceedings, the IRS filed a Proof of Claim and the government requested that the district court reduce its claim of tax liabilities to judgment. Guyton challenged the court's jurisdiction to enter a judgment under 26 U.S.C. § 6213 because, according to Guyton, his tax liability was still pending before the Tax Court.

The government moved for summary judgment, arguing that Guyton, Sr. had earned income from the sale of the farm prior to his death and thus he was liable for taxes associated with the realized gain from the sale. The government explained that, under 26 U.S.C. § 691, Guyton, Sr. remained liable for taxes incurred before his death.

In response to the summary judgment motion, Guyton claimed that the income from the sale did not "flow through the estate," and that Blake, as owner and beneficiary of the joint bank account into which the proceeds were deposited, should be liable for the taxes due. Guyton reiterated that the district court lacked jurisdiction over the government's action because the Tax Court had yet to determine his tax liability.

The government asserted, and the district court agreed, that Guyton, as executor of the estate, was liable for $50,453.63 in taxes and interest as a result of the sale. Guyton now appeals.

We review a district court's grant of a motion for summary judgment *de novo*, viewing the record and drawing all reasonable inferences in the light most favorable to the non-moving party. *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1311 (11th Cir. 2002). Summary judgment is proper if the pleadings, depositions, and affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 56(c)). "The subject matter jurisdiction of the district court is a question of law subject to *de novo* review." *Mut. Assurance, Inc. v. United States*, 56 F.3d 1353, 1355 (11th Cir. 1995). Because this case involves statutory interpretation, we note that when a "statute's meaning is plain and unambiguous, there is no need for further inquiry. The plain language is presumed to express congressional intent and will control a court's interpretation." *United States v. Fisher*, 289 F.3d 1329, 1338 (11th Cir. 2002). We may affirm the district court's judgment based on any ground supported by the record. *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1256 (11th Cir. 2001).

Guyton makes two arguments as to why he is not liable for the tax. First, he contends that the district court lacked jurisdiction to render judgment because the government brought suit while Guyton's petition was pending before the Tax Court, in violation of 26 U.S.C. § 6213. Second, Guyton argues that, because Guyton, Sr. deposited the proceeds from the sale of his farm into a joint bank account prior to his death, the beneficiary of that bank account, Blake Guyton, is liable for the tax on those proceeds as "income with respect to a decedent," under 26 U.S.C. § 691. We disagree.

Under 26 U.S.C. § 6213, a taxpayer may file a petition in U.S. Tax Court for a redetermination of a deficiency within 90 days after receiving a "notice of deficiency" issued by the government. 26 U.S.C. § 6213(a). The filing of such a petition prohibits the collection of the deficiency until the Tax Court's decision becomes final. *Id.* A "deficiency" exists if the tax imposed by the Internal Revenue Service ("IRS") exceeds the amount of tax owed as shown on the taxpayer's return. 26 U.S.C. § 6211.

The evidence establishes that Guyton filed a petition with the Tax Court on September 27, 2006, seeking redetermination of the September 13 *Notice of Determination*. The petition was not based on a *Notice of Deficiency*. Because § 6213 only applies when a taxpayer files a petition for a redetermination of a

5

deficiency, it did not bar the instant case.[1] Moreover, Guyton's petition, even if filed in response to the Notice of Deficiency, was filed well beyond the 90-day time limit. Accordingly, we affirm the district court's grant of summary judgment as to this issue on these grounds.

The Internal Revenue Code imposes a tax on the "taxable income" of individuals. 26 U.S.C. § 1. Taxable income is an individual's gross income less any deductions allowed under the Code. *Id.* § 63. In turn, gross income is defined as "all income from whatever source derived, including . . . [g]ains derived from dealings in property." *Id.* § 61(a)(3). Thus, any "[g]ain realized on the sale or exchange of property is included in gross income." Treas. Reg. § 1.61-6(a). "Income is taxed to the party who earns it." *Blohm v. C.I.R.*, 994 F.2d 1542, 1549 (11th Cir. 1993). "A taxpayer is not relieved of the obligation to pay taxes on earned income merely by a transfer of that income to another party." *Id.*

When a taxpayer dies during the tax year, his personal representative must file a Form 1040 for the tax year in which the taxpayer died. *See* 26 U.S.C. § 6012(b)(1). That "final" 1040 will contain all gross income realized by the

---

[1] Although it is unlikely that the IRS actually issued a Notice of Deficiency in 2005, because the government sought to collect the amount that Guyton listed on Form 1040 was due for tax year 2000, the government admitted in its pleadings that the IRS issued Guyton a Notice of Deficiency. Thus, the district court incorrectly found that the government never issued a Notice of Deficiency. *See Cooper v. Meridian Yachts, Ltd.*, 575 F.3d 1151, 1177 (11th Cir. 2009) (holding that generally, "a party is bound by the admissions in his pleadings").

decedent, but only for the period in which the decedent was alive: the tax year effectively ends on the date of the taxpayer's death. 26 U.S.C. §§ 441(b)(3), 443(a)(2); *see also* Treas. Reg. § 1.443-1(a)(2) (generally, "the return of a decedent is a return for the short period beginning with the first day of his last taxable year and ending with the date of his death"). Thus, any income realized by the taxpayer after the date of death is "income in respect to a decedent." *See* 26 U.S.C. § 691(a), (b); I.R.S. Pub. 559 at 9, 15-16. Accordingly, § 691 is inapplicable for income realized prior to the decedent's death because such income is properly reported on the decedent's final Form 1040. 26 U.S.C. § 691(a), (b); I.R.S. Pub. 559 at 9; Treas. Reg. §§ 1.691(a)-1(a), (b) (defining "income in respect to a decedent" as income "*not properly includible* in respect of the taxable period in which falls the date of his death") (emphasis added).

Because Guyton, Sr., realized a gain from the sale of his farm prior to his death, Guyton, Sr., earned the income and therefore his estate must pay the tax. *Blohm v. C.I.R.*, 994 F.2d 1542, 1549 (11th Cir. 1993). Depositing the proceeds into a joint bank account did not relieve or transfer his obligation to pay taxes on that gain. *Id.* Thus, summary judgment was proper on this issue and we affirm.

**AFFIRMED.**