[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 13, 2004
THOMAS K. KAHN
CLERK

No. 03-13963

D. C. Docket No. 00-01662 CV-ORL-31-JGG

HARRY PALMER,
STAR'S EDGE, INC.,

Plaintiffs-Appellees,

versus

ELDON BRAUN,

Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of Florida

**(July 13, 2004)**

Before EDMONDSON, Chief Judge, TJOFLAT and COX, Circuit Judges.

PER CURIAM:

Eldon Braun appeals the judgment entered for Harry Palmer and Star's Edge,

Inc., after a bench trial in this action for copyright and trademark infringement, unfair

competition, breach of contract, intentional interference with a business relationship, and libel. We affirm.

## I. BACKGROUND AND PROCEDURAL HISTORY[1]

Braun was Palmer's student in the Avatar course, an educational course Palmer authored and conducted to teach others how to explore and master their own consciousness. Palmer conducted the Avatar course under the auspices of Star's Edge. The Avatar course materials were copyrighted, and Avatar students and instructors were required to sign an agreement to keep confidential the contents of the Avatar course materials. Braun became an instructor in the Avatar course. But, after a falling-out with Palmer, Braun left the Avatar program and began doing some writing of his own.

Braun published articles designed to discredit Palmer. And, soon after severing his relationship with Palmer and Star's Edge, Braun began drafting a competing course in consciousness, which he entitled *The Source Course*. He drafted most of his materials while living in the United States, but ultimately finished drafting *The Source Course* in Paris, France. He marketed the course on the internet, using a website maintained in the United States, touting his course as an analog of Avatar and

---

[1]For a more detailed background of this case, see *Palmer v. Braun*, 287 F.3d 1325 (11th Cir. 2002), where we affirmed the district court's denial of a preliminary injunction in this case.

2

a take-home manual for Avatar graduates to use in refreshing their skills. He sold at least 25 copies of *The Source Course* to residents of the United States, and shipped these copies from France to the United States.

Palmer and Star's Edge saw *The Source Course* as a plagiarism of the Avatar course, and they sued Braun under federal law for copyright infringement, trademark infringement, and unfair competition, as well as under several state-law theories. Braun moved to dismiss the complaint for improper venue, or, in the alternative, to change venue. The district court denied Braun's venue motion, and held a bench trial. Following trial, the court entered judgment for Palmer and Star's Edge on their copyright infringement and libel claims. Braun appeals.

## II. ISSUES ON APPEAL

We address three of the issues Braun raises on appeal. First, whether the federal courts have subject matter jurisdiction over Plaintiffs' copyright claim. Second, whether Braun's venue motion was sufficient to preserve for appellate review the issue of personal jurisdiction. And third, whether the district court erred when it denied Braun's motion to dismiss for lack of venue or to change venue.[2]

---

[2]Braun also attacks the district court's judgment on the merits, contending that (1) the Plaintiffs failed to prove that he infringed their copyright, and (2) that the Plaintiffs' copyright claim should be defeated by the affirmative defense of misrepresentation to the copyright office. These contentions have no merit. The district court committed no error in concluding that Braun, in writing *The Source Course*, copied Palmer's original explanations, metaphors, analogies, personal advice, and observations contained in the Avatar materials. And, Braun failed to include the affirmative

III.  CONTENTIONS OF THE PARTIES AND STANDARDS OF REVIEW

Braun contends that the district court lacked subject matter jurisdiction over Palmer's copyright claim because all of Braun's allegedly-infringing activities occurred outside the United States.  Palmer and Star's Edge contend that a sufficient amount of Braun's infringing activities took place in the United States to support federal copyright jurisdiction.   Whether the district court had subject matter jurisdiction is a question of law which we review de novo.  *Damiano v. F.D.I.C.*, 104 F.3d 328, 332 (11th Cir. 1997).

Braun contends that in his venue motion, he objected to the district court's jurisdiction over his person.  He argues that the venue motion raised the issue because venue and personal jurisdiction are based on many of the same factors, and because in their response to the motion, Plaintiffs argued that the district court had personal jurisdiction over Braun.  Plaintiffs maintain that Braun waived his objection to a lack of personal jurisdiction.

Finally, Braun contends that the district court erred in denying his motion to dismiss for lack of venue or to change venue because he did not reside in the Middle District of Florida, nor did a substantial portion of the events giving rise to the claim

_____

defense in either his answer or the pretrial order, and therefore waived it. *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1012 (11th Cir.1982).  Indeed, Braun even stipulated before trial that Plaintiffs had complied with the copyright laws in all respects.  (R.4-108 at 7.)

4

occur in the Middle District of Florida. Plaintiffs contend that the Middle District of Florida was a proper venue. We review for abuse of discretion a district court's denial of a motion to transfer or dismiss for lack of venue. *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 255 (11th Cir. 1996).

## IV. DISCUSSION

### A. Subject Matter Jurisdiction

Title 28, U.S.C., Section 1338 gives the district courts original jurisdiction over civil actions arising under federal copyright law. Plaintiffs brought their copyright claims in the district court pursuant to the federal Copyright Act, 17 U.S.C. § 501.

But, federal copyright law has no extraterritorial effect, and cannot be invoked to secure relief for acts of infringement occurring outside the United States. *Subafilms, Ltd. v. MGM-Pathe Communications*, 24 F.3d 1088, 1091 (9th Cir. 1994) (en banc); *Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67, 73 (2d Cir.1988) ("It is well established that copyright laws generally do not have extraterritorial application."). Thus, it is only where an infringing act occurs in the United States that the infringement is actionable under the federal Copyright Act, giving the federal courts jurisdiction over the action. *Sheldon v. Metro-Goldwyn Pictures Corp.*, 106 F.2d 45, 52 (2d Cir. 1939) (Learned Hand, J.) (holding that the Copyright Act gave the federal court power over profits made from showing a copied film outside the

United States, where the negatives from which the film was printed were made in the United States, as the Copyright Act protects an author's right to make a transcription or recording from which the work can be reproduced); *P & D Int'l v. Halsey Pub. Co.*, 672 F. Supp. 1429, 1432-33 (S.D. Fla. 1987) (finding subject matter jurisdiction over copyright action where complaint alleged that defendant copied American-copyrighted film in Florida and then showed the film in international waters aboard cruise ship, as "to the extent that part of an 'act' of infringement occurs within this country, although such act be completed in a foreign jurisdiction, those who contributed to the act within the United States may be liable under U.S. copyright law"; citing 3 M. Nimmer, *Nimmer on Copyright*, § 17.02 at 17-5).

Where a person imports an infringing work into the United States, the federal courts have jurisdiction over the action for infringement because:

> Section 106 of Title 17 grants the owner of a copyright the exclusive rights "to do and to authorize" certain acts, among which are the reproduction and distribution of the copyrighted work. The distribution right includes the right to import copies of the work.

*GB Marketing USA Inc. v. Gerolsteiner Brunnen GmbH & Co.*, 782 F. Supp. 763, 772-73 (W.D.N.Y. 1991) (citing 2 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 8.11[B] (1990)).  In *GB Marketing*, the court found subject matter jurisdiction over a bottled water distributor's copyright infringement action against

a foreign bottler: though the bottler applied the labels to bottles in Germany, the labels were specifically designed for marketing in the United States, the bottles were packaged for shipment to the United States, and the bottler sold them to a company which imported them to the United States. *Id.* Thus, the importation of the infringing work is an infringing act occurring in the United States.

Here, the court found that Braun imported over 25 copies of *The Source Course* into the United States, to sell them to customers. Braun does not contend that this finding was clearly erroneous. This is sufficient to support federal copyright jurisdiction, as it was done in the United States, and as 17 U.S.C. § 106(3) outlaws distributing copies of copyrighted materials. Thus, the district court had subject matter jurisdiction over this case.

## B. Personal Jurisdiction

Before answering the complaint, Braun filed a three-page "Motion to Dismiss or for Change of Venue." (R.1-13.) In the motion, he did not once use the words "personal" or "jurisdiction," and the whole substance of his motion was directed at venue. Nonetheless, he now contends that he raised the issue of personal jurisdiction, and that the court erred by stating in its post-trial order that he did not contest personal jurisdiction. He argues that the district court lacked personal jurisdiction, and thus that the district court's judgment should be vacated.

7

It is well-settled that lack of personal jurisdiction is a waivable defect, and that a defendant waives any objection to the district court's jurisdiction over his person by not objecting to it in a responsive pleading or a Fed. R. Civ. P. 12 motion. *Lipofsky v. New York State Workers Comp. Bd.*, 861 F.2d 1257, 1258 (11th Cir. 1988). It is also well-settled that we do not consider the issue of personal jurisdiction raised for the first time on appeal. *Gen. Trading Inc. v. Yale Materials Handling Corp.*, 119 F.3d 1485, 1496 n.22 (11th Cir. 1997).

A review of the motion at issue shows clearly that it was a motion challenging venue, and not personal jurisdiction. Though venue and personal jurisdiction involve some of the same factors, a motion challenging venue is not effective to preserve the issue of personal jurisdiction. *Guardian Title Co. v. Sulmeyer*, 417 F.2d 1290, 1292 (9th Cir. 1969) (holding that defendant's motion challenged venue and was therefore insufficient to preserve for appeal the issue of personal jurisdiction); *Branic v. Wheeling Steel Corp.*, 152 F.2d 887, 888 (3d Cir. 1945) (same).

Braun points out that the Plaintiffs' response to his motion discussed personal jurisdiction, and argues that the Plaintiffs understood him to raise the issue. The district court did not interpret the venue motion as raising an objection to personal jurisdiction. Thus, we look to Braun's papers and pleadings alone to determine whether he objected to the district court's jurisdiction over his person. *See* Fed. R.

8

Civ. P. 12(g) & (h) (stating that a party who fails to object to personal jurisdiction in the first of either his answer or Rule 12 motion waives the objection); Fed. R. Civ. P. 7(b)(1) ("[a]n application to the court for an order shall be by motion which . . . shall state with particularity the grounds therefor . . ."); *Davis v. Hill Eng'g, Inc*, 549 F.2d 314, 324-25 (5th Cir. 1977) (holding that defendant waived his objection to service of process by not stating it with particularity in his motion challenging venue under the Jones Act, 46 U.S.C. § 688). Because Braun's motion clearly raised only venue, and not personal jurisdiction, we conclude that he waived any objection to the court's jurisdiction over his person.

## C. Venue

Plaintiffs advanced several theories of recovery in their complaint, invoking the district court's federal question and diversity jurisdiction, under 28 U.S.C. §§ 1331 and 1332, as well as the court's jurisdiction over copyright claims under 28 U.S.C. § 1338. They pleaded facts in support of the district court's venue over all the actions. In his motion challenging venue, Braun contended only that the Middle District of Florida was not the proper venue to decide the copyright claim, as the venue requirements of 28 U.S.C. § 1400(a) were not met. On appeal, he argues that the facts of the case were facially insufficient to support a § 1400(a) venue.

A civil suit to enforce the Copyright Act may be brought in any district "in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). A defendant "may be found" in a district in which he could be served with process; that is, in a district which may assert personal jurisdiction over the defendant. *Milwaukee Concrete Studios v. Field Mfg. Co.*, 8 F.3d 441, 445-46 (7th Cir. 1993) (holding that venue was proper in a district to which a corporation and an individual had imported a copyright-infringing sculpture, as that district would have personal jurisdiction over them based on the state's long-arm statute); *Payne v. Kristofferson*, 631 F. Supp. 39, 44 (N.D. Ga. 1985); *Foxworthy v. Custom Tees, Inc.*, 879 F. Supp. 1200, 1207 (N.D. Ga. 1995).

Here, Braun appeared before the district court without contesting the court's jurisdiction over his person or his amenability to process in the district. By his consent to personal jurisdiction, Braun was "found" in the Middle District of Florida for purposes of § 1400(a) venue. Thus, the district court did not abuse its discretion in denying his venue motion.

## V. CONCLUSION

The district court properly had subject matter jurisdiction over the copyright claim brought by Palmer and Star's Edge. Braun consented to the district court's

10

jurisdiction over his person; thus, the Middle District of Florida was a proper venue for the copyright action.

AFFIRMED.