[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-12821

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 26, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-01617-CV-T-26-TGW

VAX-D MEDICAL TECHNOLOGIES, LLC,

Plaintiff-Appellant,

versus

TEXAS SPINE MEDICAL CENTER and DANIEL BOUDREAU,

Defendant-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(April 26, 2007)**

Before HULL and MARCUS, Circuit Judges, and BARZILAY,* Judge.

Barzilay, Judge:

This appeal arises from a final judgment of the District Court for the Middle

District of Florida dismissing the claims of Plaintiff-Appellant Vax-D Medical

_____

*Honorable Judith M. Barzilay, Judge, United States Court of International Trade, sitting
by designation.

Technologies, LLC ("Vax-D"), against Defendant-Appellees Texas Spine Medical Center ("Texas Spine") and Daniel Boudreau ("Boudreau") for lack of personal jurisdiction. Because the district court erred in its dismissal, the Court reverses the dismissal and remands the case for further proceedings.

## I. Procedural History

In the proceedings below, Vax-D brought suit against Texas Spine for, *inter alia*, patent and trademark infringement and false advertising.[1]  The original complaint in the case named Daniel Boudreau as a defendant. The Amended Complaint, served on December 22, 2004, named Texas Spine as a defendant and Boudreau as "an officer, director, principal or employee of Texas Spine."[2] *See* R.E.[3] Doc. 11. On December 27, 2004, Vax-D issued a summons to "Texas Spine Medical Center, Daniel Boudreau, D.O., Director," at 1915 N. Central Expressway, Suite 300, Plano, Texas, 75057-6985. *See* R.E. Doc. 12. It then served the Summons and Amended Complaint upon Kathy Gatewood, the then General Manager of Texas Spine, on January 7, 2005. *See* R.E. Doc. 21.

---

[1]Vax-D initially sued four groups of defendants. On April 25, 2005, three of these groups entered into settlement agreements with Vax-D, leaving only Texas Spine and Daniel Boudreau as defendants in the case.

[2]When drawing up the Amended Complaint, Vax-D could not discern the legal status of Texas Spine. Although Vax-D believed Texas Spine to be a corporation, *see, e.g.*, Compl. Ex. A, a corporate search did not produce a corporate filing under that name.

[3]"R.E." stands for Record Excerpts.

On January 17, 2005, Daniel Boudreau served his Answer to the Amended Complaint. *See* R.E. Doc. 22. In the Answer, Boudreau raised no defense to either the manner of issuance or service of the Summons or Amended Complaint. On various subsequent occasions, Boudreau responded to discovery issued against Texas Spine and even participated in a deposition. *See, e.g.*, R.E. Doc. 262-4.

Vax-D filed its Second Amended Complaint on December 2, 2005, which, *inter alia*, asserted that Texas Spine constituted a fictitious name under which Daniel Boudreau did business. *See* R.E. Doc. 83. The Second Amended Complaint was served via U.S. Mail at Defendant-Appellee's last known mailing address. Neither Boudreau nor Texas Spine responded to the Second Amended Complaint or otherwise further participated in the proceedings below.

On April 26, 2006, the district court *sua sponte* issued an order requiring Vax-D to show cause as to why the court should not dismiss Boudreau and Texas Spine for lack of personal jurisdiction due to improper service of process. The day after Vax-D filed its response, the court issued an order dismissing the two defendants for lack of personal jurisdiction. *See* R.E. Doc. 256. Vax-D filed a motion for reconsideration, which the district court denied. *See* R.E. Doc. 262-1. Vax-D appeals.

## II. Jurisdiction and Standard of Review

This Court has jurisdiction over appeals from the final judgment of the District Court of the Middle District of Florida pursuant to 28 U.S.C. § 1291. The Court reviews the district court's order of dismissal for lack of personal jurisdiction *de novo*. *See Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006).

## III. Discussion

Under the Federal Rules of Civil Procedure, Vax-D properly served Boudreau and Texas Spine Medical Center. Pursuant to Rule 4(h), "service upon a domestic . . . unincorporated association . . . shall be effected . . . by delivering a copy of the summons and of the complaint to an officer [or] a managing or general agent . . . ." Fed. R. Civ. P. 4(h). Because Vax-D served its Summons and Amended Complaint, which named Texas Spine as a defendant, upon Kathy Gatewood, Texas Spine's manager, service was proper, and the district court consequently obtained personal jurisdiction over Texas Spine. *Accord Henderson v. Cherry, Bekaert & Holland*, 932 F. 2d 1410, 1413 (11th Cir. 1991) (finding service upon business proper when made upon company manager).

Similarly, Rule 4(e)(1) recognizes the validity of service of process "pursuant to the law of the state in . . . which service is effected, for the service of a

4

summons upon the defendant in an action brought in the courts of general jurisdiction of the State" – in this case Texas. Fed. R. Civ. P. 4(e)(1). Texas case law holds that one can sue an individual under his real or assumed name if he has filed an assumed name certificate and conducts business under that assumed name. *See Employees Loan Co. v. Templeton*, 109 S.W.2d 774, 778 (Tex. Civ. App. 1937) (finding that amended pleading could not be attacked for want of service or appearance where it alleged that defendant was operating under assumed name); *Clark v. First Nat'l Bank of Wichita Falls*, 5 S.W.2d 822, 823 (Tex Civ. App. 1928) ("A party doing business under an assumed name . . . could sue or be sued by such assumed or trade name."); Tex. R. Civ. P. 28 ("Any . . . unincorporated association . . . or individual doing business under an assumed name may sue or be sued in its . . . assumed or common name for the purpose of enforcing for or against it a substantive right, but on a motion by any party or on the court's own motion the true name *may* be substituted.") (emphasis added).

Boudreau filed an assumed name certificate in Texas, pursuant to Texas Statutes § 36.10, in which he announced his intention to conduct business as the unincorporated sole proprietorship "Texas Spine Medical Center." *See* Tex. Bus. & Com. Code Ann. § 36.10(a).[4] Consequently, proper service of process upon

---

[4]In relevant part, the statute states that:
Any person who regularly conducts business or renders professional services

Texas Spine pursuant to Fed. R. Civ. P. 4(h), discussed *supra*, also amounted to proper service upon Boudreau, securing personal jurisdiction over him and rendering him liable for any judgment entered against Texas Spine. *Accord Holberg & Co. v. Citizens Nat'l Assurance Co.*, 856 S.W.2d 515, 517 (Tex. App. 1993) ("When an individual is doing business under an assumed name, a judgment rendered against the unincorporated association is binding upon the individual."); Tex. R. Civ. P. 28.

Moreover, Vax-D's filing of the Second Amended Complaint, which listed Texas Spine as a fictitious name under which Boudreau did business, did not invalidate the proper service already obtained with respect to Boudreau and Texas Spine. When serving a pleading subsequent, such as the Second Amended Complaint, the plaintiff need only mail a copy of the pleading to the last known address of the person served, as occurred in the instant case. *See* Fed. R. Civ. P. 5(b)(2)(B); *see also* Fed. R. Civ. P. 5(a).

Finally, even if Vax-D had improperly served process upon Boudreau and Texas Spine, they waived the defenses of insufficiency of process, service of

---

other than as a corporation, limited partnership, registered limited liability partnership, or limited liability company in this state under an assumed name shall file in the office of the county clerk in each county in which such person has or will maintain business or professional premises or, if no business or professional premises are or will be maintained in any county, in each county where such person conducts business or renders a professional service . . . .
Tex. Bus. & Com. Code Ann. § 36.10(a).

process, and personal jurisdiction when they submitted their Answer without raising these defenses. Fed. R. Civ. P. 12(h)(1) ("A defense of lack of jurisdiction over the person, . . . insufficiency of process, or insufficiency of service of process is waived . . . if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof . . . ."); *see Palmer v. Braun*, 376 F.3d 1254, 1259 (11th Cir. 2004); *Sanderford v. Prudential Ins. Co. of Am.*, 902 F.2d 897, 900 (11th Cir. 1990). By submitting an answer and participating in discovery, Boudreau and Texas Spine submitted themselves to the jurisdiction of the district court and waived any defense to improper service of process or lack of personal jurisdiction. *See Lipofsky v. N.Y. State Workers Comp. Bd.*, 861 F.2d 1257, 1258 (11th Cir. 1988). The district court thus had personal jurisdiction over the defendants.

## IV. Conclusion

The district court erred in ruling that the court lacked personal jurisdiction over Daniel Boudreau and Texas Spine Medical Center. The court's dismissal for lack of personal jurisdiction is therefore reversed, and the case is remanded for further proceedings.

**REVERSED AND REMANDED**