[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-12510
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 31, 2011
JOHN LEY
CLERK

D.C. Docket No. 0:08-mc-60823-PAS

APRIL MOTTAHEDEH,

Plaintiff-Appellant,

PEYMON MOTTAHEDEH,

Plaintiff,

versus

USA,
INTERNAL REVENUE SERVICE,
CHRISTINE THAI,
Revenue Agent, IRS,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 31, 2011)

Before BARKETT, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

April Mottahedeh, proceeding pro se, appeals from the district court's order denying her amended petition to quash an Internal Revenue Service ("IRS") third-party summons issued to her Florida credit union. She also appeals the district court's subsequent order denying her motion for leave to file a second amended petition and her motion for a change of venue.

We review for clear error the district court's enforcement of an IRS summons. Nero Trading, LLC v. U.S. Dep't of Treasury, Internal Revenue Serv., 570 F.3d 1244, 1248 (11th Cir. 2009). We review for abuse of discretion the district court's denial of a motion to file an amended pleading, Corsello v. Lincare, Inc., 428 F.3d 1008, 1012 (11th Cir. 2005), and a motion for a change of venue, Palmer v. Braun, 376 F.3d 1254, 1257 (11th Cir. 2004).

The IRS is statutorily authorized to examine any books, papers, records, or other data which may be relevant or material to determine the correctness of a tax return or the liability of a taxpayer. 26 U.S.C. § 7602(a)(1). Thus, the IRS may issue a summons to either the person liable for the tax or any third party "having possession, custody, or care of books of account containing entries relating to the business of the person liable for" the tax. Id. § 7602(a)(2). The IRS's power to so

investigate is broad and expansive. La Mura v. United States, 765 F.2d 974, 979 (11th Cir. 1985).

Nonetheless, any individual named in a third-party summons is entitled to notice and may petition to quash the summons. 26 U.S.C. § 7609(a)-(b). In that case:

> [t]o obtain enforcement of a summons, the IRS must demonstrate (1) that the investigation will be conducted pursuant to a legitimate purpose, (2) that the inquiry will be relevant to that purpose, (3) that the information sought is not already in the IRS' possession and, (4) that it has taken the administrative steps necessary to the issuance of a summons.

La Mura, 765 F.2d at 979 (citing United States v. Powell, 379 U.S. 48, 57-59 (1964)). "The IRS can satisfy this burden merely by presenting the sworn affidavit of the agent who issued the summons attesting to these facts." La Mura, 765 F.2d at 979. If the IRS meets its burden, "the burden shifts to the party contesting the summons to disprove one of the four elements of the government's prima facie showing or convince the court that enforcement of the summons would constitute an abuse of the court's process." Id. at 979-80.

In this case, the district court did not clearly err by enforcing the summons. The government established a prima facie case through the declaration and testimony of IRS agent Christine Thai. Thus, the burden shifted to Mottahedeh to

3

disprove an element of the government's prima facie case. She failed to do so. Although she argues that the summons was an improper attempt to investigate her husband and deter them from exercising their right to free speech, she presented no evidence to rebut Thai's testimony that the purpose of the summons was to investigate Mottahedeh's tax liability. See id. at 980-81. Furthermore, Mottahedeh argues that other summonses issued by the IRS were procedurally improper, but she has failed to show that there was any such defect with respect to the summons at issue in this case. In this regard, the district court did not abuse its discretion by denying Mottahedeh's motion to file a second amended petition, as she was not attempting to rebut the government's prima facie case with respect to the summons at issue. We further find no abuse of discretion in the district court's denial of her motion for a change of venue. Accordingly, we affirm.

**AFFIRMED.**