[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15548
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 9, 2012
JOHN LEY
CLERK

D.C. Docket No. 9:09-cv-80480-DTKH

JONATHAN E. PERLMAN, ESQ.,
as court appointed Receiver of Creative Capital Consortium, LLC,

Plaintiff-Appellee,

versus

DOROTHY DELISFORT-THEODULE,
an individual,

Defendant-Appellant,

WEALTH BUILDERS CIRCLE, LLC.,
a Georgia limited liability company, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 9, 2012)

Before CARNES, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

Dorothy Delisfort-Theodule, proceeding pro se, appeals the district court's judgment against her in an action to recover funds fraudulently transferred to her. She contends the court lacked personal jurisdiction over her and that the court abused its discretion when it denied her motions to transfer venue and for a continuance.

## I.

The Securities and Exchange Commission brought an action against Delisfort-Theodule's husband for violating federal securities laws, alleging he engaged in a Ponzi scheme. The district court appointed a Receiver and ordered him to take action to protect the investors and to reclaim fraudulently transferred funds. The Receiver filed this action in March 2009 to recover the funds fraudulently transferred to Delisfort-Theodule by her husband, naming her as a participant in the Ponzi scheme and noting two transfers to be set aside.

The district court extended Delisfort-Theodule's time to answer the complaint until August 2009, but the deadline passed without a response. The court scheduled trial for April 2010. In February 2010, she finally filed her answer to the complaint, which raised no affirmative defenses. Trial was reset for

2

the March 25, 2010 calendar call.

In March, roughly one year after the action was filed, Delisfort-Theodule filed a motion for change of venue, arguing that Georgia—her state of residence—was the proper venue because proceeding in Florida would be inconvenient both for her and for her witnesses, and because she could not afford to defend herself in Florida. The Receiver objected, arguing that because Delisfort-Theodule had waited so long to file, granting the motion would not promote judicial economy and he would be prejudiced. Further, the Receiver argued that Delisfort-Theodule would only have to make one more trip to Florida and that she had not explained why it would be less expensive to retain counsel in Georgia. The court agreed with the Receiver, noted that the transfer would delay trial and impede efforts to recover fraudulently transferred funds, and denied Delisfort-Theodule's motion.

In April 2010, the Receiver moved to continue the trial because the parties were discussing settlement, and the court granted that motion. Trial was set for October 25, 2010. On October 1, 2010 Allen Alberga, a Georgia attorney, filed a motion to appear pro hac vice on Delisfort-Theodule's behalf, which the court granted on October 5. On October 23, the Saturday before trial, Alberga filed a motion to continue the trial. He claimed he was unable to attend due to personal

family issues, that he had four other cases for which he had to appear the same week, and that he had not had enough time to confer with Delisfort-Theodule. The Receiver opposed any continuance, arguing that, because of trial preparation and arranging for witnesses to be available, he would be prejudiced by any delay. The district court denied the motion to continue.

After a bench trial, at which neither Delisfort-Theodule nor her counsel appeared, the court concluded that Delisfort-Theodule had received $3,000,200 in fraudulent transfers that were avoidable under Fla. Stat. § 726.105.[1] It entered judgment against her in that amount. This is her appeal.

## II.

"[T]he issue of whether personal jurisdiction is present is a question of law and subject to de novo review." Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc., 593 F.3d 1249, 1257 (11th Cir. 2010). "[L]ack of personal jurisdiction is a waivable defect, and . . . a defendant waives any objection to the district court's jurisdiction over [her] person by not objecting to it in a responsive pleading or a Fed. R. Civ. P. 12 motion." Palmer v. Braun, 376 F.3d 1254, 1259 (11th Cir. 2004); see also Fed. R. Civ. P. 12(b)(2), (h). "A party that fails to raise

---

[1] The Receiver filed a motion for summary judgment as to all of the relevant transfers, which the district court granted in part in the amount of $545,200. The $3,000,200 total includes that amount.

4

a defense of lack of personal jurisdiction at the appropriate time is deemed to have conferred personal jurisdiction on the court by consent." Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990). Because Delisfort-Theodule did not object to the court's personal jurisdiction over her in a motion to dismiss or in her answer, she has waived that affirmative defense.

## III.

We review for abuse of discretion a district court's denial of a motion to change venue. See Palmer, 376 F.3d at 1257. A district court may transfer a civil action to any other district or division where it may have been brought "[f]or the convenience of the parties and witnesses, and in the interest of justice." Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996) (citing 28 U.S.C. § 1404(a)). However "[t]he plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." Id. It is the movant's burden to persuade the court that a transfer should be granted. See In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989); Time, Inc. v. Manning, 366 F.2d 690, 698 (5th Cir. 1966)[2].

The district court found that because Delisfort-Theodule had waited roughly

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

one year to request change of venue, transfering the case would have resulted in unnecessary delay and might have prejudiced the Receiver's ability to recover and avoid fraudulent transfers. It also concluded that Delisfort-Theodule had not carried her burden to show how transferring the venue would have reduced her costs. Nor did she identify any witnesses who could not or would not testify unless the case was transferred. On these grounds, the court therefore concluded that any additional costs or inconvenience to Delisfort-Theodule was insufficient to disturb the Receiver's forum choice. We see no abuse of discretion in that decision.

## IV.

We also review for abuse of discretion a district court's denial of a motion to continue, reversing only if the denial was arbitrary or unreasonable.[3] See Romero v. Drummond Co., Inc., 552 F.3d 1303, 1314 (11th Cir. 2008); Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd., 326 F.3d 1333, 1350–51 (11th Cir. 2003). To determine whether the district court abused its discretion we consider in part: (1) "the extent of [Delisfort-Theodule's] diligence in her efforts to ready her defense prior to the date set for" trial; (2) "the extent to which granting the

---

[3] Although Delisfort-Theodule did not clearly articulate this argument in her brief to this Court, we construe pro se briefs liberally. See Harris v. United Auto. Ins. Grp. Inc., 579 F.3d 1227, 1231 (11th Cir. 2009).

continuance would have inconvenienced the court and the [Receiver], including its witnesses"; and (3) "the extent to which [Delisfort-Theodule] might have suffered harm as a result of the district courtss denial." See Quiet Tech., 326 F.3d at 1351 (alterations omitted).

The district court denied Delisfort-Theodule's motion for a continuance, which was "filed just two days before trial was scheduled to commence and after [the Receiver] spent considerable time preparing for trial and arranging for out-of-state witnesses to be present for trial." Because of the motion's "eleventh-hour nature," that decision was not an abuse of discretion.

**AFFIRMED.**