[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13449
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cv-00481-UA-SPC


VANESSA SHAW,

Plaintiff-Appellant.


versus


UNITED STATES OF AMERICA,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 23, 2013)

Before TJOFLAT, WILSON and ANDERSON, Circuit Judges.


PER CURIAM:

The District Court denied Vanessa Shaw's petition to quash an Internal Revenue Service ("IRS") summons served on Bank of America on the ground that it lacked subject matter jurisdiction over the petition because the Government had not waived its sovereign immunity. Shaw, proceeding *pro se*, now appeals the ruling, arguing that the court erred in denying her petition and that she was entitled to a hearing regarding the IRS officer's authority to issue the summons and the validity of the tax assessments against her. We affirm.

We review questions of subject matter jurisdiction *de novo*. *Palmer v. Braun*, 376 F.3d 1254, 1257 (11th Cir. 2004). Under principles of sovereign immunity, the government is immune from suit unless it consents to be sued. *Mutual Assurance, Inc. v. United States,* 56 F.3d 1353, 1355 (11th Cir. 1995). The terms of the consent to be sued define the court's jurisdiction to entertain a suit. *Id*. Under 26 U.S.C. § 7609(b)(2)(A), the government allows a person who is entitled to notice of a summons under subsection (a) to bring an action to quash the summons. 26 U.S.C. § 7609(b)(2)(A). Where the summons is issued in aid of collection of an assessment made or judgment rendered against the person with respect to whose liability the summons is issued, that person is not entitled to notice. 26 U.S.C. § 7609(c)(2)(D)(i).

2

We agree with the District Court that it lacked subject matter jurisdiction to entertain Shaw's petition to quash the IRS summons.  Because the IRS officer issued a summons on Bank of America for the purpose of aiding in the collection of her assessed tax liabilities, Shaw was not entitled to notice of the summons, and therefore, the Government did not waive sovereign immunity under 26 U.S.C. § 7609(b)(2)(A) with respect to her petition to quash the summons.  *See* 26 U.S.C. §§ 7609(b)(2)(A), (c)(2)(D)(i).  In sum, the court lacked subject matter jurisdiction over the petition to quash the summons.  *See Mutual Assurance,* 56 F.3d at 1355. Because the court lacked jurisdiction, it did not abuse its discretion in deny Shaw a hearing.

AFFIRMED.