[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10043
Non-Argument Calendar
_____

D.C. Docket No. 7:13-cv-00515-RDP


ED ORTON,

                                                    Plaintiff-Appellant,

                            versus

SANDY MATHEWS,
BANK OF AMERICA,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(July 21, 2014)

Before PRYOR, MARTIN, and COX, Circuit Judges.

PER CURIAM:

Ed Orton, proceeding *pro se*, filed a complaint in the Circuit Court of Pickens County, Alabama, to quiet title, pursuant to Ala. Code §§ 6-6-540 and 6-6-541, to a property located in Aliceville, Alabama, that he and his late wife had purchased using a loan secured by a mortgage. He named Bank of America and Sandy Mathews as defendants. He alleged that Bank of America, which notified him that it had acquired the loan, held no valid interest in the property. And, he alleged that Mathews had fraudulently induced him to grant her an interest in the property. Bank of America removed the action to federal court pursuant to 28 U.S.C. §§ 1332 and 1441.

Bank of America filed a Fed. R. Civ. P. 12(b)(6) motion to dismiss Orton's claim against it on two grounds: First, Bank of America contended that Orton had failed to plead sufficient facts to state a quiet title claim. Second, it contended that Orton's claim failed as a matter of Alabama law. The district court agreed with Bank of America on both grounds and granted its motion to dismiss. Mathews never responded to the suit in any way. Yet the court dismissed Orton's claim against Mathews because Orton failed to timely serve a summons and complaint. The district court subsequently denied Orton's motion to vacate its dismissal.

On appeal, Orton challenges: (1) the district court's exercise of subject matter jurisdiction over the case; (2) the district court's dismissal of his claim against Bank of America; (3) the district court's order dismissing his claim as to

2

Mathews; and (4) the district court's denial of his motions to vacate the order dismissing his claim as to Mathews.

(1) Removal Jurisdiction

Orton argues on appeal that Bank of America's removal of his suit to federal court was improper because the district court lacked subject matter jurisdiction to hear the case. Bank of America argues that the district court properly asserted removal jurisdiction under 28 U.S.C. §§ 1332 and 1441 because the parties were completely diverse and the amount in controversy exceeded $75,000.

In a quiet title action, the amount in controversy for determining subject matter jurisdiction is the value of the property. *See Frontera Transp. Co. v. Abaunza*, 271 F. 199, 201 (5th Cir. 1921). We have said that where the plaintiff seeks only declaratory and injunctive relief, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Ericsson GE Mobile Commc'ns, Inc. v. Motorola Commc'ns & Elecs., Inc.*, 120 F.3d 216, 218 (11th Cir. 1997) (quoting *Hunt v. Washington State Apple Adver. Comm'n,* 432 U.S. 333, 347, 97 S.Ct. 2434, 2443 (1977)). Bank of America's removal notice alleged the requisite amount in controversy and supported it with an affidavit and exhibits. *Compare Williams*, 269 F.3d at 1319-20. In its notice of removal, Bank of America alleged that the property at issue in this case was worth

3

far more than $75,000.  Orton has neither disputed this fact nor has he disputed that the amount in controversy exceeded $75,000.

In *Wachovia Bank v. Schmidt*, the Supreme Court held that, for the purposes of diversity jurisdiction, a national bank is a citizen of the state "designated in its articles of association as its main office," and is not a citizen of each state in which the bank has established branch operations.  546 U.S. 303, 313, 318, 126 S. Ct. 941, 948, 951-52 (2006); *see also* 28 U.S.C. § 1348.  Bank of America asserted that the state designated as its main office in its articles of association was North Carolina.  It also alleged that Orton was a citizen of Alabama and Mathews was a citizen of Florida.  Orton has not disputed these allegations, and there does not appear to be any information in the record that challenges these allegations. Accordingly, on this record, the district court properly exercised subject matter jurisdiction over Orton's suit.

### (2)    Dismissal of Claim Against Bank of America

On appeal, Orton argues that he satisfied the pleading requirements for an Alabama quiet title action, particularly since he alleged that he had peaceable possession of the property and held color of title to it.  He acknowledges that Bank of America had been assigned his mortgage, and that at one time it held the note. But he asserts that he can no longer tell who holds the note since Bank of America has not produced it.  In any event, he argues, based on authority from jurisdictions

4

outside Alabama that the mortgage is void since it was assigned to Bank of America after Bank of America became a holder of the note. He also argues that the assignment of the mortgage to Bank of America was void for procedural reasons, as the agent who signed it for the assignor was a "robo signer" and the notary has since been convicted of grand theft, forgery, and tax evasion.

We review de novo a district court's dismissal of a complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). *Speaker v. U.S. Dep't of Health and Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010). We "accept[] the factual allegations in the complaint as true and construe[] them in the light most favorable to the plaintiff." *Id. Pro se* pleadings are held to a less strict standard than pleadings filed by lawyers and are construed liberally. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations in a complaint "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007) (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotations omitted).

5

The Supreme Court of Alabama has indicated that, to make out a valid claim for a quiet title action, a plaintiff must show that he is "in peaceable possession of the land, either actual or constructive, at the time of the filing of the bill and that there was no suit pending to test the validity of the title." *Woodland Grove Baptist Church v. Woodland Grove Community Cemetery Ass'n, Inc.*, 947 So.2d 1031, 1036, 1037-38 (Ala. 2006). The court explained that "one has constructive possession of property when one has a legal estate in fee," and that "actual possession generally refers to the physical occupation of the land." *Id.* at 1038 n.7 (citations omitted).

The Alabama Court of Civil Appeals, the state's intermediate-level appellate court, has held that the assignee of a note secured by a mortgage need not have been assigned the mortgage at the same time it was assigned the note in order to exercise the right to foreclose the mortgage. *Coleman v. BAC Servicing*, 104 So. 3d 195, 200–01 (Ala. Civ. App. 2012), *cert. denied*, Ala. 1111285 (2012). Moreover, citing Ala. Code § 35-10-12, the Alabama Court of Civil Appeals has held that the holder of a note secured by a mortgage need not have been assigned the mortgage in order to exercise the right of foreclosure in the mortgage. *Perry v. Fed. Nat'l Mortg. Ass'n*, 100 So. 3d 1090, 1095–97 (Ala. Civ. App. 2012), *cert denied*, Ala. 1111310 (2012). We have said that, in a diversity case governed by state law, where the state supreme court has not addressed an issue, we are "bound

6

to adhere to decisions of the state's intermediate appellate courts absent some persuasive indication that the state's highest court would decide the issue otherwise." *Provau v. State Farm Mut. Auto. Ins. Co.*, 772 F.2d 817, 820 (11th Cir. 1985) (quotations omitted).

Here, Orton has failed to state a quiet title claim as to Bank of America, as his allegations contradicted his general assertion that he was in peaceable possession of the property and held color of title to it. Orton also failed to plead sufficient facts to support his allegation that the assignment of the mortgage to Bank of America was procedurally void. *See* Ala. Code § 35-10-12; *Perry*, 100 So. 3d at 1095–97. Accordingly, the district court did not err in granting Bank of America's motion to dismiss.

(3)    Dismissal of Claim as to Mathews

Orton contends that the district court's dismissal of his claim against Mathews and its denial of his motions to vacate its dismissal were erroneous. We address each in turn.

We review de novo a district court's dismissal of a claim for lack of personal jurisdiction due to improper service of process. *See Vax-D Med. Techs., LLC v. Texas Spine Med. Ctr.*, 485 F.3d 593, 595–96 (11th Cir. 2007). When a federal court is considering the sufficiency of process after removal, it does so by looking to the state law governing process. *Usatorres v. Marina Mercante Nicaraguenses,*

*S.A.*, 768 F.2d 1285, 1286 n.1 (11th Cir. 1985).  Rule 4(i)(2)(A) of the Alabama Rules of Civil Procedure provides that a plaintiff may request that the court clerk deliver service of process by certified mail.  Here, the district court's initial dismissal of Orton's claim against Mathews for insufficient service of process was not erroneous.  We agree with the district court's order.  (Doc. 25).

We review a district court's denial of a Rule 60(b) motion for abuse of its sound discretion.  *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 741 F.3d 1349, 1355 (11th Cir. 2014) (discussing Fed. R. Civ. P. 60(b)(6)); *Stilwell v. Travelers Ins. Co.*, 327 F.2d 931, 932 (5th Cir. 1964) (discussing Fed. R. Civ. P. 60(b)(2)).  The district court did not abuse its sound discretion in denying Orton's motions to vacate.  And the district court adequately addressed why vacatur was not warranted.  (Doc. 30, 33).  This result is softened by the fact that Orton can refile his claim against Mathews in Alabama state court.

**AFFIRMED.**

8