[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12108

Non-Argument Calendar

_____

ANGELICA IVANA MULDROW,

Plaintiff-Appellee,

*versus*

EZ E-FILE TAX PREPARERS, INC.,
AJEENAH CRITTENDON,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:22-cv-00554-TCB

_____

Before Wilson, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

EZ E-File Tax Preparers, Inc. ("EZ E-File"), and Ajeenah Crittendon (collectively, "Defendants") appeal from the district court's order granting Appellee Angelica Muldrow's motion for a preliminary injunction and judgment against Crittendon in the amount of $5,000. Defendants also appeal from the district court's order denying Crittendon's motion to set aside the judgment against her. On appeal, Defendants argue that the district court lacked personal jurisdiction over them, that Muldrow failed to satisfy the elements necessary to grant injunctive relief, and that the district court erred in awarding relief that was not pled. For the following reasons, we affirm.

## I.    FACTUAL AND PROCEDURAL HISTORY

Angelica Muldrow resides in DeKalb County, Georgia. Ajeenah Crittendon resides in Alameda County, California, and is Muldrow's aunt. Crittendon owns and operates EZ E-File, a tax business incorporated in California. Since 2021, Muldrow and Crittendon have been involved in a dispute over the guardianship of Muldrow's mother. Muldrow and Crittendon's relationship deteriorated throughout 2021 and 2022, with each sending combative texts, emails, and social media posts on a regular basis.

On August 28, 2021, Crittendon sent Muldrow an email demanding the return of jewelry:

> As I stated you have until Sept. 28th to return. If I don't receive them back . . . it simply means you received something of value that you refused to return. You will be assessed the appraisal value of each piece x 3. It [sic] called damages/fraud, so play your games with someone else. When IRS come knocking at the door for the taxes including Georgia Dept of Revenue let's see how far you get with playing your games! . . . If you want to continue sending your emails I will bill you at my billable rate and forward to you my Invoice. Pay it or not pay it. If you elect to not pay it you will also receive a 1099-Misc. for my labor!

On September 15, 2021, Muldrow wrote an email to Crittendon stating, "I would like to speak to my mom today I haven't spoken to her in over two weeks. She needs to call me." Crittendon responded to her email, stating, "You need to return my diamond rings no later than Sept. 28th as previously requested." Muldrow also sent Crittendon numerous emails that were intended to be read or shown to Muldrow's mother, including family vacation photos, to which Crittendon responded, "YOU SHOULD KNOW THAT YOUR MOTHER HAS NOT RECEIVE[D] NOT 1 OF YOUR EMAILS. CEASE AND DESIST!"

In January 2022, Defendants issued an IRS Form 1099-MISC to Muldrow, which alleged "other income" paid to Muldrow in the amount of $320,660.00. Defendants claimed that this amount

represents the damage that Muldrow's "fraudulent, harassing, de-faming actions caused" them, not actual income.  The "Other In-come" section of a Form 1099-MISC states that "[t]he amount shown may be payments received as the beneficiary of a deceased employee, prizes, awards, taxable damages, Indian gaming profits, or other taxable income."  And, at some time between January and March of 2022, Defendants issued another IRS Form 1099-MISC to Muldrow, which alleged "other income" paid to Muldrow in the amount of $29,470.00.

On February 9, 2022, Muldrow filed a complaint in federal court and a motion for preliminary injunction.  Muldrow's com-plaint brought counts for fraud, preliminary interlocutory injunc-tion, attorneys' fees, and a request for an award of damages, inci-dental and consequential damages, punitive damages, and any other relief the court deems just and reasonable.  In her motion for preliminary injunction, Muldrow argued that the fraudulent 1099-MISC forms would create a baseless tax liability of at least $120,000.00 and would likely result in difficulties for both the IRS and the Georgia Department of Revenue.  On March 9, 2022, De-fendants, proceeding *pro se*, filed an answer to Muldrow's com-plaint.  In that answer, Defendants stated the following:

> **IMPROPER VENUE:** Per Fed. R. Civ. P.82 the Court does not have **personal jurisdiction** over the defend-ant because Title 28, U.S.C. § 1391(b) provides: "A civil action wherein jurisdiction is not founded **solely** on diversity citizenship may be brought **only** in the judicial district where **all defendants reside**, except as

> otherwise provided by law. *See* 28 U.S.C.
> § 1332(c)(1).

(Emphasis in original). On March 22, 2022, Muldrow filed an amended complaint, which added the second Form 1099-MISC and incorporated the same counts as the original complaint.

The same day, the district court held a hearing on the motion for preliminary injunction. Crittendon did not appear at the hearing. The district court indicated that the evidence was sufficient to support a preliminary injunction and that it was inclined to enter judgment against Crittendon in the amount of $5,000 pursuant to 26 U.S.C. § 7434(b), which provides for civil damages for fraudulent filing of information returns. When asked if he was familiar with that statute, Muldrow's lawyer responded, "No, Judge, I am not, offhand."

The district court then issued an order and judgment. Following Federal Rule of Civil Procedure 65, the district court considered four factors in deciding to issue a preliminary injunction. First, the district court found that Muldrow had a substantial likelihood of succeed in proving that Defendants issued two fraudulent 1099-MISC Forms because Defendants admitted issuing such a form and the reasons given for their issuance were not a legitimate basis to do so. Second, the district court found that Muldrow would be irreparably harmed if corrected Forms 1099-MISC are not issued because of the economic hardship, fraudulent tax filings, and the significant administrative hardship required of her to deal with the governing tax authorities. Third, the court found that the

injury outweighed the harm that the relief would cause Defendants because the harm to Defendants would simply be to not file fraudulent tax filings. And finally, the district court found that entering injunctive relief was not adverse to the public interest because requiring parties to file factually accurate fax documents does not harm the public. The court also entered judgment against Crittendon, pursuant to § 7434(b), in the amount of $5,000.00. Because the court determined that the corporate defendant, EZ E-File, was not properly before the court, it only issued judgment against Crittendon and closed the case.

On April 13, 2022, Crittendon, now represented by counsel, filed a motion to set aside the judgment. Crittendon argued that the district court lacked jurisdiction over her because she is a citizen of California who does not own property in Georgia and does not solicit clients in Georgia. Crittendon also argued that the district court made a mistake of law in determining that the 1099-MISC Forms were issued incorrectly because they are for reporting taxable damages and the amount represented reportable damages caused by Muldrow to Crittendon and her business. Muldrow responded to this motion, arguing that the district court had personal jurisdiction over Crittendon because the general requirements for personal jurisdiction were satisfied, Georgia's long-arm statute was satisfied, and jurisdiction would not be inappropriate under the Due Process Clause of the Fourteenth Amendment.

On May 12, 2022, the district court denied Crittendon's motion to set aside the judgment. As to Crittendon's arguments on

personal jurisdiction, the district court stated that her motion "reflect[ed] a misunderstanding of the law on personal jurisdiction." The district court ruled that Crittendon did not raise personal jurisdiction defects in responsive pleadings or motions and had therefore waived that affirmative defense.[1] According to the district court, "[n]owhever in the answer, however, did she raise the defense of lack of personal jurisdiction." As to Crittendon's arguments on the mistake of law relating to the IRS forms, the district court disagreed, noting that Crittendon had the opportunity to be heard at the March 22 hearing but refused to attend. The court explained that Crittendon could not complain of a mistake of law a month after the hearing at which she voluntarily did not appear.

Defendants timely appealed.

## II.    STANDARD OF REVIEW

We review the district court's denial of a motion to vacate for abuse of discretion. *Hartford Cas. Ins. Co. v. Crum & Forster Specialty Ins. Co.*, 828 F.3d 1331, 1333 (11th Cir. 2016). "A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings

---

[1] The district court viewed Crittendon's mention of personal jurisdiction in her answer not as an affirmative defense based on personal jurisdiction, but as an argument relating to improper venue. Because a substantial part of the alleged events occurred within the venue district, the court found that venue was proper.

of fact that are clearly erroneous." *United States v. Toll*, 804 F.3d 1344, 1353–54 (11th Cir. 2015) (quoting *Citizens for Police Accountability Political Comm. v. Browning*, 572 F.3d 1213, 1216–17 (11th Cir. 2009)).

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). We generally do not consider arguments raised for the first time on appeal because the district court never had a chance to examine them. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004); *accord Tannenbaum*, 148 F.3d at 1263 (explaining that issues not raised below, even by a *pro se* party, are normally deemed waived).

## III.    ANALYSIS

On appeal, Defendants argue that the district court erred in concluding that Defendants failed to raise the defense of lack of personal jurisdiction and that the district court's order denying Crittendon's motion to vacate should be reversed.[2] In response,

---

[2] Defendants also make two new arguments on appeal. First, Defendants argue that the district court improperly entered an injunction because Muldrow did not suffer harm beyond economic loss and the cases cited by the district court for the proposition that fraudulent tax forms cause the harm of administrative burdens were cases in which the government was suffering that harm, not an individual. While we normally review the district court's grant of injunctive relief for abuse of discretion, *SunAmerica Corp. v. Sun Life Assurance Co. of Canada*, 77 F.3d 1325, 1333 (11th Cir. 1996), Defendants did not raise

22-12108               Opinion of the Court                    9

Muldrow argues that Defendants waived the defense by not raising it in their responsive pleadings.

"It is well-settled that lack of personal jurisdiction is a waivable defect, and that a defendant waives any objection to the district court's jurisdiction over his person by not objecting to it in a responsive pleading of a [Federal Rule of Civil Procedure] 12 motion." *Palmer v. Braun*, 376 F.3d 1254, 1259 (11th Cir. 2004); *see* Fed. R. Civ. P. 12(b), (h) (stating that a party who fails to object to personal jurisdiction in the first of either his answer or Rule 12 motion waives the objection). Though venue and personal jurisdiction analyses involve some of the same factors, a motion challenging venue is not effective to preserve the issue of personal jurisdiction. *See Palmer*, 376 F.3d at 1259.

Here, the district court ruled that Defendants failed to raise a challenge to personal jurisdiction and thus waived any objection to the court's jurisdiction. In Defendants' answer, they stated the following:

---

this argument to the district court. Because this argument is raised for the first time on appeal, we decline to address it. *See Access Now*, 385 F.3d at 1331.

Second, Defendants argue that the district court erred in rewarding a $5,000 judgment against Crittendon because it was based on a statute, 26 U.S.C. § 7434(b), that was not referenced in the complaint nor the amended complaint. Defendants similarly did not raise this argument to the district court, and we decline to address it for the first time on appeal. *See Access Now*, 385 F.3d at 1331.

> **IMPROPER VENUE:** Per Fed. R. Civ. P.82 the Court does not have **personal jurisdiction** over the defendant because Title 28, U.S.C. § 1391(b) provides: "A civil action wherein jurisdiction is not founded **solely** on diversity citizenship may be brought **only** in the judicial district where **all defendants reside**, except as otherwise provided by law.    See 28 U.S.C. § 1332(c)(1).

Although Defendants stated in their answer that "the Court does not have personal jurisdiction," this statement is confused by the title, "Improper Venue," and the citation to 28 U.S.C. § 1391(b), a statute governing venue. Indeed, the only reasons given to support Defendants' contention that the district court lacked personal jurisdiction are the plain language of the venue statute and a reference to 28 U.S.C. § 1332(c)(1), a statute governing diversity jurisdiction. Nowhere in their answer or subsequent filings before the district court entered judgment did Defendants make any arguments or assertions relevant to a defense for lack of personal jurisdiction. Instead, the district court interpreted the language as a defense of improper venue. We agree. Given their reasoning and citations, it appears that, even construing their answer liberally, Defendants were actually raising an improper venue argument and misstated the conclusion. *See United States v. Cordero*, 7 F.4th 1058, 1068 n.11 (11th Cir. 2021) (explaining that, while *pro se* pleadings are construed liberally, "a court may not 'serve as *de facto* counsel for a party' or rewrite a pleading" (quoting *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998))).

Because the answer did not sufficiently raise a defense based on lack of personal jurisdiction, we conclude that Defendants waived any objection to jurisdiction.

Accordingly, the district court did not abuse its discretion in denying the motion to vacate.

## IV.    CONCLUSION

For all these reasons, we affirm the district court's orders granting preliminary injunction and judgment and denying the motion to vacate.

**AFFIRMED.**